239 P.3d 743

**Holly PORTER, a married woman, Plaintiff/Appellant,**

v.

**Arona M. SPADER, Defendant/Appellee.**

**No. 1 CA–CV 09–0678.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 21, 2010.

---

**19.** The parties agreed to litigate at trial all bills from the Surgery Centers between March 1, 2003 and March 31, 2007.

Riggs Ellsworth & Porter, P.L.C. by Matthew L. Riggs, Mesa, Attorney for Plaintiff/Appellant.

The Ledbetter Law Firm, P.L.C. by James E. Ledbetter, Brett R. Rigg, Cottonwood, Attorneys for Defendant/Appellee.

## OPINION

WINTHROP, Judge.

¶ 1 Holly Porter ("Plaintiff") appeals the trial court's judgment dismissing her complaint because it was untimely filed under the applicable statute of limitations. We hold that Rule 60(c)(1), Ariz. R. Civ. P., does not allow relief from a judgment entered based on a statute of limitations.

## BACKGROUND

¶ 2 Plaintiff suffered personal injuries in an automobile collision on September 25, 2006. She secured the services of counsel, who prepared a civil complaint seeking compensation for those injuries. The complaint was mailed to the Navajo County Superior Court on September 19, 2008, six days before the statutory two-year limitations period for such actions, see Ariz.Rev.Stat. ("A.R.S.") § 12–542 (2003), was to expire. The envelope was returned for insufficient postage and received by the law office on September 24, one day before the limitations period would expire. Upon seeing the insufficient postage designation on the returned envelope, law office staff, without consulting the attorney or other staff responsible for handling the matter, and without reviewing the contents, simply placed the contents in another envelope with additional postage and re-mailed it to the court. Upon receipt, the clerk of the court filed the complaint on September 26; unfortunately for Plaintiff, this was one day after the limitations period had expired.

¶ 3 Defendant moved for summary judgment based on the statute of limitations. In response, Plaintiff conceded her complaint was filed after limitations had run, but she argued that under Rule 60(c)(1), even if summary judgment were granted, the judgment should immediately be set aside based on the excusable neglect of the law office staff. Following briefing and without argument, the trial court granted the defense motion for summary judgment and concomitantly denied Plaintiff's Rule 60(c)(1) motion on the basis that she had not met her burden of showing excusable neglect.[1]

¶ 4 This timely appeal followed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003). See also A.R.S. § 12–2101(C); Schwab v. Ames Constr., 207 Ariz. 56, 58–59, ¶¶ 9–12, 83 P.3d 56, 58–59 (2004) (recognizing that technical procedural defects generally do not deprive this court of jurisdiction).

## ANALYSIS

¶ 5 We review de novo the trial court's interpretation of A.R.S. § 12–542 and the reach of Rule 60(c)(1). See Owens v. City of Phoenix, 180 Ariz. 402, 405, 884 P.2d 1100, 1103 (App.1994); Libra Group, Inc. v. State, 167 Ariz. 176, 179, 805 P.2d 409, 412 (App. 1991). To the extent that we review whether there is a sufficient factual basis on which to apply Rule 60(c)(1) to set aside a judgment, we apply an abuse of discretion standard. See Staffco, Inc. v. Maricopa Trading Co., 122 Ariz. 353, 356, 595 P.2d 31, 34 (1979).

### I. The Applicable Statute of Limitations Was Not Extended or Tolled.

 ¶ 6 In interpreting and applying statutes, Arizona courts have previously recog-

---

1. The parties' briefing required the trial court to consider matters outside the pleadings, including affidavits. Consequently, the court's ruling dismissing the case is properly characterized as the grant of a motion for summary judgment. See Ariz. R. Civ. P. 12(b); Frey v. Stoneman, 150 Ariz. 106, 108–09, 722 P.2d 274, 276–77 (1986).

nized that the most compelling evidence of the legislature's intent is the language it has chosen to use in the statute. *See, e.g., Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *In re Estate of Jung,* 210 Ariz. 202, 204, ¶ 12, 109 P.3d 97, 99 (App. 2005). Here, A.R.S. § 12–542 provides in pertinent part as follows:

> Except as provided in § 12–551 [the statute of limitations regarding product liability] there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
>
> 1. For injuries done to the person of another. . . .

■ ¶ 7 The plain purpose of statutes of limitations is to identify the outer limits of the period of time within which an action may be brought to seek redress or to otherwise enforce legal rights created by the legislature or at common law. *See In re Estate of Travers,* 192 Ariz. 333, 336, ¶ 21, 965 P.2d 67, 70 (App.1998) ("A statute of limitations is a legislative enactment which sets maximum time periods during which certain actions can be brought." (citing Black's Law Dictionary 927 (6th ed.1990))).[2] As a matter of public policy, our legislature has determined that claims must be brought within an identifiable period of time, and claims brought thereafter are, absent certain circumstances, too stale to be enforceable.

> The legitimate purposes of statutes of limitations are threefold: (1) to protect defendants from stale claims, *see Brooks v. Southern Pacific Co.,* 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970) (pursuit of a claim after an unreasonable amount of time may be thwarted when evidence may have been lost or witnesses' memories have faded); (2) to protect defendants from insecurity— economic, psychological, or both, Comment, *Developments in the Law: Statutes of Limitations,* 63 HARV.L.REV. 1177, 1185 (1950) ("there comes a time when he

ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations"); and (3) to protect courts from the burden of stale claims. *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

*Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990); *accord Jackson,* 23 Ariz.App. at 203, 531 P.2d at 936 ("The underlying purpose of statutes of limitations is to prevent the unexpected enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution." (quoting Wood at 8–9)).

■ ¶ 8 To determine whether a claim is time-barred, we examine four factors: "(1) when did the plaintiff's cause of action accrue; (2) what is the applicable statute of limitations period; (3) when did the plaintiff file his [or her] claim; and (4) was the running of the limitations period suspended or tolled for any reason?" *Taylor v. State Farm Mut. Auto. Ins. Co.,* 182 Ariz. 39, 41, 893 P.2d 39, 41 (App.1994) (citing *Roldan v. Allstate Ins. Co.,* 149 A.D.2d 20, 544 N.Y.S.2d 359, 362 (1989)), *vacated in part on other grounds,* 185 Ariz. 174, 913 P.2d 1092 (1996).

¶ 9 There is no issue here concerning accrual or discovery of the cause of action, and Plaintiff acknowledges that she filed her complaint one day late; thus, we address whether the limitations period was suspended or tolled.

¶ 10 Our legislature has provided for the suspension or tolling of a limitations period only in very limited and specified situations. *See, e.g.,* A.R.S. §§ 12–501 (2003) (providing that the absence of a defendant from the state at the time the cause of action accrues or during the limitations period extends the limitations period); 12–502 (2003) (providing that minors and persons of "unsound mind" are considered "disabled" as a matter of law,

---

**2.** *See also City of Bisbee v. Cochise County,* 52 Ariz. 1, 6–8, 78 P.2d 982, 984 (1938) (examining some "fundamental principles" behind statutes of limitations); *Jackson v. Am. Credit Bureau, Inc.,* 23 Ariz.App. 199, 203, 531 P.2d 932, 936 (1975) ("The statute of limitations is a statute of repose, enacted as a matter of public policy to fix

a limit within which an action must be brought, or the obligation be presumed to have been paid, and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof." (quoting 1 Wood on Limitations ("Wood"), 8–9 (4th ed.1916))).

and the limitations period is tolled until the disability is removed); 12–508 (2003) (providing that a cause of action may be tolled by a written agreement signed by the party to be charged); 14–3802 (2005) (providing for limited suspension of statutes of limitations for certain claims in probate cases); 43–722 (2006) (providing for suspension of the running of the statute of limitations on the making of assessments by the department of revenue in cases involving bankruptcy or receivership). We have found no statutory exception that applies to suspend or legally toll the limitations period in this matter.

¶ 11 Further, the doctrine of equitable tolling, a concept rooted in the common law, *see Hosogai v. Kadota,* 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985),[3] is not applicable here. In instances involving equitable tolling, courts have recognized that, as a matter of equity, a defendant whose affirmative acts of fraud or concealment have misled a person from either recognizing a legal wrong or seeking timely legal redress may not be entitled to assert the protection of a statute of limitations.[4] *See, e.g., Walk v. Ring,* 202 Ariz. 310, 319, ¶¶ 34–37, 44 P.3d 990, 999 (2002); *Certainteed Corp. v. United Pac. Ins. Co.,* 158 Ariz. 273, 277, 762 P.2d 560, 564 (App.1988) (stating that a defendant insurer will be estopped from asserting the defense of the statute of limitations if by its conduct the insurer induces its insured (the plaintiff) to forego litigation by leading the insured to believe a settlement will be effected without the necessity of commencing litigation).

¶ 12 In this case, there is no contention that the actions of Defendant, or her agents or representatives, served to conceal the cause of action, misled Plaintiff in any fashion, or caused Plaintiff to delay filing her complaint in a timely manner. Additionally, Plaintiff alleges no facts presenting the "ex-

traordinary circumstances" contemplated by this court in *McCloud. See* 217 Ariz. at 87–89, ¶¶ 11–20, 170 P.3d at 696–98. Accordingly, we conclude that the limitations period established by § 12–542 was not equitably suspended or tolled. Plaintiff's complaint was untimely filed as a matter of law.

## II. Rule 60(c)(1) Relief Is Not Available When A Complaint Is Untimely Filed.

¶ 13 Rule 60(c)(1) provides that a party or a party's legal representative may be relieved from a final judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." In the proceedings below, Plaintiff contended that the actions of the law office staff constituted "excusable neglect," and she maintains the trial court should consequently have granted her motion to set aside the judgment. It appears the trial court assumed that Rule 60(c)(1) relief was theoretically available, but denied relief because it found that the actions of the law office staff were, in the final analysis, not excusable. On appeal, Plaintiff contends that the failure of her attorney's staff to review the contents of the returned mail constitutes "the type of mistake, inadvertence [ ] or excusable neglect" contemplated by Rule 60(c)(1), thereby entitling her to relief from the judgment dismissing her complaint. We disagree.

¶ 14 Plaintiff cites to no authority, and we have found none, expressly holding that, pursuant to Rule 60(c)(1), a plaintiff's "mistake, inadvertence, surprise or excusable neglect" justifies the untimely filing of a complaint. Instead, she relies on cases recognizing, or expressly holding, that secretarial or clerical errors resulting in missed deadlines *in pending, timely instituted cases* amount to conduct warranting Rule 60(c) relief from default judgments. *See Daou v. Harris,* 139

---

3. *Superseded by statute on other grounds as recognized in Jepson v. New,* 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990).

4. Additionally, this court has previously recognized that other extraordinary circumstances, such as attorney illness in limited situations, could warrant equitable tolling of the statute of limitations. *See McCloud v. State,* 217 Ariz. 82, 87–89, ¶¶ 11–19, 170 P.3d 691, 696–98 (App.

2007) (acknowledging that "[m]any courts have taken the position that equitable tolling is not appropriate in such situations," but nonetheless concluding that equitable tolling based on an attorney's illness could be applied "sparingly" to "certain rare cases," such as when an attorney has "suffered a significant incapacitating disability").

Ariz. 353, 360, 678 P.2d 934, 941 (1984) (defendant's failure to timely answer a complaint resulted in a default judgment); *Cook v. Indus. Comm'n,* 133 Ariz. 310, 312, 651 P.2d 365, 367 (1982) (untimely request for review in an administrative action); *Wilshire Mortgage Corp. v. Elmer Shelton Concrete Contractor, Inc.,* 97 Ariz. 65, 67, 397 P.2d 50, 51 (1964) (untimely answer leading to a default judgment); *Coconino Pulp & Paper Co. v. Marvin,* 83 Ariz. 117, 121, 317 P.2d 550, 552 (1957) (same); *Kohlbeck v. Handley,* 3 Ariz.App. 469, 472, 415 P.2d 483, 486 (1966) (same); *see also Andrew v. Indus. Comm'n,* 118 Ariz. 275, 277, 576 P.2d 134, 136 (App. 1977) (untimely request for a hearing after the denial of a workmen's compensation claim); *Trull v. Indus. Comm'n,* 21 Ariz.App. 511, 513, 520 P.2d 1188, 1190 (1974) (same).

¶ 15 Even if we assume without deciding that the failure to timely file the complaint in this case is properly attributed to "excusable neglect" as contemplated by Rule 60(c)(1), we conclude that, absent more, "excusable neglect" does not justify relief from the applicable statute of limitations.

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984)....
>
> ... [T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect.

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes omitted); *accord McCloud,* 217 Ariz. at 88–89, ¶¶ 16–20, 170 P.3d at 697–98 (citing *Irwin* and concluding that counsel's extensive series of personal and family health issues was insufficient to warrant finding that the trial court abused its discretion in failing to find the level of excusable neglect

necessary to support equitable tolling). Plaintiff cannot use the excusable neglect standard of Rule 60(c)(1) to circumvent the standard required for equitable tolling.

¶ 16 Simply stated, the provisions of Rule 60(c)(1) do not apply in this setting. To hold otherwise would make statutes of limitations meaningless. The purpose of Rule 60(c) is to allow a trial court discretion to relieve a party's failure to comply with court-established or mandated rules; e.g., the failure to file a timely answer, resulting in the entry of default and a default judgment, *see, e.g., Daou,* 139 Ariz. at 356, 678 P.2d at 937, or the failure to meet court-imposed deadlines for the prosecution of an otherwise timely action, resulting in dismissal of the action. *See Copeland v. Ariz. Veterans Mem'l Coliseum & Expo. Ctr.,* 176 Ariz. 86, 87, 859 P.2d 196, 197 (App.1993); *Resolution Trust Corp. v. Maricopa County,* 176 Ariz. 631, 632, 863 P.2d 923, 924 (Tax 1993). *See also* A.R.S. § 12–504 (2003) ("savings statute" that extends discretion to the trial court to allow reinstatement of an action previously timely commenced that has been dismissed for failure to prosecute).

¶ 17 The trial court does not have the discretion to apply Rule 60(c)(1) to resurrect or otherwise allow the untimely filing of a complaint. In the instance of an untimely filed complaint, the only courses of action available to the plaintiff are, as previously discussed, to seek, if applicable, statutorily based relief founded on the suspension or legal tolling of the statute of limitations or equitable relief founded on the defendants' or their agents' affirmative concealment of the cause of action or other actions causing the plaintiff to delay seeking legal redress.

¶ 18 Although we recognize that courts generally disfavor a statute of limitations defense, *see, e.g., Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.,* 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995), we further recognize that, generally, "claims that are clearly brought outside the relevant limitations period are conclusively barred." *Montano v. Browning,* 202 Ariz. 544, 546, ¶ 4, 48 P.3d 494, 496 (App.2002) (citing *Hall v. Romero,* 141 Ariz. 120, 685 P.2d 757 (App.

1984); *Gregory v. Porterfield*, 26 Ariz.App. 353, 548 P.2d 847 (1976)). Here, Plaintiff clearly brought her claim outside the applicable two-year statute of limitations.

¶ 19 Given the unique facts of this case, we express sympathy for Plaintiff and, to some extent, her counsel. However, as the United States Supreme Court recognized in considering a statute of limitations issue,

Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Baldwin County Welcome Ctr.*, 466 U.S. at 152, 104 S.Ct. 1723.

### CONCLUSION

¶ 20 For the foregoing reasons, we hold that the trial court did not err in determining that Rule 60(c)(1) could not afford Plaintiff relief from the judgment dismissing her untimely filed complaint. Accordingly, we affirm the trial court's judgment summarily dismissing Plaintiff's complaint and denying Plaintiff's motion for Rule 60(c)(1) relief.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and PHILIP HALL, Judge.