NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LISA and ANTHONY ("A.J.") DEMAREE, wife and husband, on behalf of
themselves, LISA and ANTHONY ("A.J.") DEMAREE, as the natural
guardians and guardians ad litem for their three minor children, J., M.,
and S.; JEANNE K. STUMP and LARRY STUMP, wife and husband,
*Plaintiffs/Appellants/Cross-Appellees,*[1]

*v.*

STATE OF ARIZONA, a body politic, ARIZONA ATTORNEY GENERAL,
*Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 13-0064
FILED 3-5-2015

Appeal from the Superior Court in Maricopa County
Nos. CV2009-028094 and CV2009-029574 (Consolidated)
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Treon & Aguirre, PLLC, Phoenix
By Richard T. Treon
*Co-Counsel for Plaintiffs/Appellants/Cross-Appellees*

---

[1] We amend the caption by using the Children's first initials to ensure the
confidentiality of the Children. We also delete the City of Peoria for reasons
stated within this decision. All future pleadings shall use the amended
caption.

Treon & Shook, P.L.L.C., Phoenix
By Stephen E. Silverman
*Co-Counsel for Plaintiffs/Appellants/Cross-Appellees*

Arizona Attorney General's Office, Phoenix
By Michael G. Gaughan
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**K E S S L E R**, Presiding Judge:

¶1        Lisa and Anthony Demaree ("Parents") and Jeanne K. and Larry Stump ("Grandparents") (collectively "Appellants") appeal from the dismissal of their eleven-count amended complaint against the State of Arizona, the Arizona Attorney General (collectively the "State"), and the City of Peoria (collectively "Defendants").  The Appellants and the City of Peoria have stipulated to and this Court has dismissed the city from the appeal.  The State argues that we should dismiss the appeal for lack of jurisdiction.  For the reasons that follow, we conclude we have jurisdiction of the appeal and affirm the judgment dismissing the amended complaint.

**FACTUAL AND PROCEDURAL HISTORY[2]**

¶2        Anthony Demaree took a memory stick containing digital photographs to Wal-Mart and ordered prints on August 29, 2008.  Some of the photographs contained nude images of minors.  After viewing the photographs, a Wal-Mart employee contacted the Peoria Police Department.

¶3        Peoria Police Detective John Krause responded, viewed the photos, and initiated a child welfare and criminal investigation.  During his

---

[2] When reviewing a judgment dismissing a complaint for failure to state a claim, we assume the truth of all well-pleaded facts and indulge in all reasonable inferences from them, but mere conclusory statements are insufficient under that test.  *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012).

interview with Parents on August 30, 2008, Krause learned that the photos depicted Parents' children ("the Children"), who were five, four, and one-and-a-half years old.

¶4        The Peoria police took the Children to a child-advocacy center that day for medical examinations and forensic interviews, then returned them to Parents for several hours.   While the Children were being examined, the Peoria police executed a search warrant on Parents' home, where they found more pictures of the Children, either nude or partially clothed.   Child Protective Services ("CPS"), previously contacted by Krause, then removed the Children and placed them with foster families. Two–and-a-half days later, after Parents' attorney contacted the Arizona Governor's Office, CPS placed the Children with Grandparents.

¶5        According to the amended complaint, on September 3, 2008, CPS held a team decision meeting ("TDM"), with Krause and an Assistant Attorney General, Jennifer Hunter.   It is unclear whether Parents were present.   During the meeting, Hunter allegedly stated that Parents had "sexually abused" the Children.

¶6        The State filed a dependency action in Maricopa County Superior Court the following day.   On September 26, 2008, the State filed allegations concerning Parents' sexual abuse in a "Central Registry."

¶7        On October 3, 2008, the superior court found that that Parents' testimony was "credible" and the Wal-Mart photos depicted the Children at bath time.   The superior court ruled that, based upon the totality of circumstances, the Children were not at risk for abuse or neglect and accordingly ordered their return to Parents, but the court did not dismiss the action.

¶8        Prior to an October 24, 2008 hearing, Hunter (1) submitted ex parte additional photos identified by Krause, and (2) moved to transfer physical custody of the Children to the State.   The superior court then set the matter for trial.   On May 21, 2009, the court ruled that the State had not met its evidentiary burden, dismissed the dependency action, and required the State to remove from the Central Registry the finding that the Demarees had sexually abused the Children.

¶9        Parents—in their individual capacities and as guardians of the Children—and Grandparents served a Notice of Claim on Defendants on August 28, 2009, and an amended notice thereafter.   Five days after filing

the initial notice of claim, the Appellants filed a complaint in superior court, which they later amended.[3]

¶10 In the amended complaint, Appellants, acting for themselves and in some counts the Parents acting as guardians of the Children, asserted eleven claims against the Defendants. In most of the counts, the Appellants did not allege what facts supported the claim, but only incorporated by reference the general factual allegations in the complaint. The State and the City filed Rule 12(b)(6) motions to dismiss, asserting *inter alia* that the notice of claim statute, statute of limitations, and the prosecutorial immunity doctrine barred the claims. The Appellants responded that waiver, equitable tolling, and equitable estoppel precluded these defenses. The superior court denied the motions based on the notice of claim statute and statute of limitations as they applied to three of the counts brought by and on behalf of the Children. The court granted the motions on most of the counts brought by the Parents and Grandparents as time-barred. Since the first notice of claim was filed August 28, 2009 and Arizona Revised Statutes ("A.R.S.") section 12-821.01 (Supp. 2014) requires a notice of claim to be filed not later than 180 days after a cause accrues, the court reasoned that any claims based on facts occurring before March 1, 2009, were time-barred. The court found that all alleged acts occurred before March 1, 2009 except for acts continuing prosecution of the dependency action and possibly statements made by Krause to Lisa Demaree's employer. The court rejected both the waiver and equitable tolling arguments. As to continuing to prosecute the dependency, the court found that claims based on such conduct were barred by absolute prosecutorial immunity. It also denied the motions as to the City on three counts to the extent they were based on Krause's alleged comments to Lisa Demaree's employer because the court could not determine when the statements were made.

¶11 Thus, following the court's ruling on the motion to dismiss, the only counts which remained were Counts 2, 3, and 4 brought by the Children and Counts 5, 7 and 8 against the City based on Krause's alleged comments to Lisa Demaree's employer.

---

[3] According to Appellants, the original complaint was a damage action filed on September 2, 2009. Appellants then filed a statutory special action seeking the production of public documents. The "amended complaint" was an action for civil damages and was filed in the superior court after the court consolidated it and the statutory special action. The superior court later dismissed the statutory special action upon the Appellants' motion**.**

¶12        Parents and Grandparents moved to dismiss Counts 5, 7, and 8 against Krause without prejudice, and Counts 2, 3, and 4 as brought by the Children without prejudice. The superior court entered a signed judgment, without Rule 54(b) language, taking the requested action and entering judgment in favor of Defendants on the remaining counts.

¶13        Parents and Grandparents appealed. Reasoning that a dismissal without prejudice is not generally appealable and the judgment contained no Rule 54(b) language, we dismissed the appeal. Parents and Grandparents moved for a judgment containing Rule 54(b) language and a dismissal with prejudice of Counts 5, 7, and 8.

¶14        The superior court entered an amended judgment again dismissing without prejudice Counts 2 through 4 as to the Children, dismissing Counts 5, 7, and 8 with prejudice, and containing Rule 54(b) language. Parents and Grandparents filed a notice of appeal, and Defendants cross-appealed and moved to dismiss on jurisdictional grounds. We denied the motion to dismiss the appeal without prejudice to the Defendants, who again raised their jurisdictional arguments in their appellate brief.

## DISCUSSION

### I. Jurisdiction

¶15        The State argues that the superior court lacked jurisdiction to enter the amended judgment because the original judgment had dismissed all claims and, thus, Rule 54(b) did not apply because that rule only allows certification for appeal of interlocutory orders dismissing claims. According to the State, if the superior court lacked jurisdiction, then this Court has no jurisdiction over this appeal except to dismiss it. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 533, 652 P.2d 1377, 1380 (1982) ("If a lower court has no jurisdiction to issue an order an appeal from that order gives the appellate court no jurisdiction except to dismiss the appeal."). We review *de novo* a challenge to the superior court's jurisdiction. *State v. Donahoe ex rel. County of Maricopa*, 220 Ariz. 126, 127 n.1, ¶ 1, 203 P.3d 1186, 1187 n.1 (App. 2009).

¶16        We disagree with the State. When the superior court includes no Rule 54(b) determination of finality, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment

adjudicating all the claims and the rights and liabilities of all the parties." Ariz. R. Civ. P. 54(b).

**¶17** The original judgment addressed all claims, but dismissed six of them without prejudice. Dismissals without prejudice do not resolve claims on the merits. *See Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464, 432 P.2d 589, 592 (1967) ("A dismissal without prejudice does not go to the merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action."); *see also State v. Boehringer*, 16 Ariz. 48, 51, 141 P. 126, 127 (1914) ("An order of dismissal without prejudice is not a final determination of the controversy on its merits, and is no bar to the prosecution of another suit timely commenced, founded upon the same cause of action."). Moreover, since the original judgment did not contain Rule 54(b) certification, it was "subject to [the court's] own modification at any time before the final adjudication of all the claims." *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 45, 365 P.2d 208, 210 (1961). Thus, the original judgment consequently was not final. *See Canyon Ambulatory Surgery Ctr. v. SCF Ariz.*, 225 Ariz. 414, 418-19, ¶ 14, 239 P.3d 733, 737-38 (App. 2010) ("A dismissal without prejudice is not a final judgment and is therefore generally not appealable."). Accordingly, the superior court had jurisdiction to enter the amended judgment so as to dismiss the claims against the City of Peoria with prejudice, the three remaining claims as brought by the Children without prejudice and certify the judgment under Rule 54(b). *See Stevens,* 90 Ariz. at 45, 365 P.2d at 210. This Court thus has jurisdiction over the timely appeal from that judgment. *See id.*; A.R.S. § 12-2101(A)(1) (Supp. 2014).[4]

## II. The Superior Court Did Not Err in Dismissing the Amended Complaint.

### A. Untimely Notice Of Claim

**¶18** Only Parents' and Grandparents' claims are at issue in this appeal. With the exception of any claim based on the continued prosecution of the dependency action beyond March 1, 2009, the superior court found the amended complaint claims against the State time-barred under the notice of claim statute.

---

[4] Our holding obviates the need to address other arguments in support of jurisdiction.

**¶19**      We review *de novo* the dismissal of claims under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012); *see also Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351-52, ¶¶ 24-27, 160 P.3d 223, 230-31 (App. 2007) (affirming dismissal for failure to comply with the notice of claim statute's requirements).[5] A court may properly dismiss a complaint under Rule 12(b)(6) when the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8, 284 P.3d at 867 (citation omitted). Although we accept the complaint's well-pleaded material allegations as true, conclusions of law or unwarranted deductions of fact are insufficient. *Id.* at ¶ 9; *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App. 1989).

**¶20**      The notice of claim statute requires a plaintiff with "claims against a public entity or a public employee" to file a notice within 180 days of accrual. A.R.S. § 12-821.01(A).[6] A claim accrues once "the damaged party realizes he or she has been damaged and knows or reasonably should know" what caused or contributed to the damage. A.R.S. § 12-821.01(B). Parents and Grandparents served their notice of claim on August 28, 2009. Consequently, any cause of action accruing prior to March 1, 2009 is barred. *See* A.R.S. § 12-821.01(A).

**¶21**      It is undisputed that all of the acts upon which the amended complaint was based, except for Krause's communications with Lisa Demaree's employer and the State's continued prosecution of the dependency action after March 1, 2009, occurred before March 1, 2009. As outlined in the amended complaint, the Children's placement in foster care, the execution of the search warrant, and the TDM occurred by September 4, 2008. Further, Krause testified at the dependency hearing, the State noted

---

[5] If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63, ¶ 7, 226 P.3d 1046, 1049 (App. 2010) (citation omitted). However, attachment of matters of public record to a Rule 12(b)(6) motion does not convert the motion to one for summary judgment. *Id.* at 64, ¶ 13, 226 P.3d at 1050. The State's motion to dismiss attached preliminary protective hearing transcripts, the dependency complaint, and Hunter's motion for change of custody, which were central to the allegations in the amended complaint. Such documents were of public record and thus did not convert the motion from a motion to dismiss to a motion for summary judgment.

[6] Absent a material revision, we cite the most current version of the statutes.

this case in the Central Registry, and Hunter used the Demaree case as part of the judicial nominating commission's interview on or before December 2008. Accordingly, A.R.S. § 12-821.01(A) precludes Parents' and Grandparents' claims based on these facts and they are not entitled to relief under any set of facts susceptible of proof.[7] *See Coleman*, 230 Ariz. at 356, ¶ 8, 284 P.3d at 867.

### 1. Estoppel by Inducement

**¶22** Notwithstanding their delay, Parents and Grandparents argue that estoppel by inducement bars the application of A.R.S. § 12-821.01(A). *See Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990) (stating A.R.S. § 12-821.01 is subject to waiver, estoppel, and equitable tolling). They contend that their fear of losing custody prevented them from filing prior to February 26, 2009 and tolls the notice of claim statute.

**¶23** The elements of estoppel by inducement are: (1) "specific promises, threats or inducements" that prevented the plaintiff from filing suit; (2) the "promises, threats, or representations actually induced the plaintiff to forebear filing suit"; (3) the "conduct *reasonably* caused the plaintiff to forebear filing a timely action"; and (4) the plaintiff filed suit within a reasonable time after the estoppel-inducing conduct ended. *Nolde v. Frankie*, 192 Ariz. 276, 280, ¶¶ 16-19, 964 P.2d 477, 481 (1998).

**¶24** Parents and Grandparents identify no specific threat that prevented them from filing a timely claim, and point only to generalized fears. Indeed, their attorney's effort to involve the Governor in their case undercuts their claimed fear. *See id.* Parents' and Grandparents' failure to satisfy the first requirement is fatal to their estoppel by inducement argument. *See id.; see also Knight v. Rice*, 83 Ariz. 379, 381, 321 P.2d 1037, 1038 (1958) ("Estoppel is an affirmative defense; the party relying thereon

---

[7] Appellants also contend that the superior court erred in finding that their claims were barred by the statute of limitations. As we understand their argument, if the filing of the notice of claim was tolled or extended under other arguments, then the statute of limitations would not have barred their complaint because the complaint was filed within one year of when their actions accrued after the dependency action had been dismissed and the time to appeal that ruling had expired. We need not address that argument because, as we hold *infra,* Appellants failed to show that the time for filing of the notice of claim as to all but claims based on malicious prosecution and Krause's communications with Lisa Demaree's employer, was tolled or extended under principles of estoppel by inducement or equitable tolling.

must plead the same and has the burden of showing by clear and satisfactory proof that all the elements are present, and the acts relied upon to create it must be absolute and unequivocal."). The failure to comply with the 180-day filing requirement consequently bars their claims. *See* A.R.S. § 12-821.01(A); *Haab v. County of Maricopa*, 219 Ariz. 9, 13-14, ¶¶ 16-24, 191 P.3d 1025, 1029-30 (App. 2008) (stating a party who has filed an A.R.S. § 12-821.01(A) notice of claim must amend the notice or file a new one to preserve claims that were not included within the original notice).

## 2. Equitable Tolling

**¶25** Parents and Grandparents also argue that the notice of claim requirement should be deemed equitably tolled. We disagree. Under this doctrine, they bear the burden to establish that they were prevented from filing a timely claim due to inequitable circumstances. *McCloud v. State*, 217 Ariz. 82, 85, 87, ¶¶ 8, 11, 170 P.3d 691, 694, 696 (App. 2007). To meet this standard, a plaintiff "must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments." *Id.* at 87, ¶ 13, 170 P.3d at 696 (citation omitted). We review for abuse of discretion the superior court's decision not to apply equitable tolling. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) ("We review a trial court's decision not to apply estoppel for an abuse of discretion.").

**¶26** According to Parents and Grandparents, their untimely notice of claim is justified by the "egregiously wrongful actions of the Defendants in the manner in which they investigated and prosecuted this matter." This Court has held that "as a matter of equity, a defendant whose affirmative acts of fraud or concealment have misled a person from either recognizing a legal wrong or seeking timely legal redress may not be entitled to assert the protection of a statute of limitations." *Porter v. Spader*, 225 Ariz. 424, 428, ¶ 11, 239 P.3d 743, 747 (App. 2010).[8]

---

[8] Equitable tolling can also apply when there are extraordinary circumstances beyond the client's control, including when there is a lack of clarity in the law or an attorney affirmatively lied to a diligent client, which make timely filing of a complaint impossible. *McCloud*, 217 Ariz. at 87, ¶ 13, 170 P.3d at 696. Appellants do not identify any such circumstances here, but just argue that they refrained from serving the notice of claim because they were afraid of the "reign of terror" caused by the Defendants' actions related to the dependency case.

**¶27** No such conduct is at issue here. Parents and Grandparents cite no cases in which courts have applied the doctrine in these circumstances. Their equitable tolling claim is a rehash of their estoppel by inducement argument, based on the same facts they allege as to estoppel by inducement. On this record, we find no basis to toll the filing period in A.R.S. § 12-821.01(A). *See Porter*, 225 Ariz. at 428, ¶¶ 11-12, 239 P.3d at 747 (declining to apply equitable tolling in the absence of extraordinary circumstances, fraud, or concealment that misled the party from recognizing a legal wrong or seeking timely redress).[9]

### B. Prosecutorial Immunity

**¶28** The superior court also dismissed any claim which was based on the continued prosecution of the dependency action after March 1, 2009. The court held that absolute prosecutorial immunity applied to Hunter's extension of the dependency proceedings. The existence of immunity is a question of law subject to *de novo* review. *See Ochser v. Funk*, 228 Ariz. 365, 369, ¶ 11, 266 P.3d 1061, 1065 (2011) ("The de novo standard also applies to our review of the [party's] entitlement to qualified immunity as a matter of law.").

**¶29** Common law prosecutorial immunity rests upon the same considerations applicable to judicial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). "These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id.* at 423. "In determining whether a prosecutor enjoys absolute immunity from civil liability . . . courts must apply a functional analysis to determine whether the prosecutor's acts fall within the bounds of 'judicial' as opposed to 'investigative or administrative duties.'" *Challenge, Inc. v. State ex rel. Corbin*, 138 Ariz. 200, 204, 673 P.2d 944, 948 (App. 1983) (alteration in

---

[9] Appellants also argue that as it relates to their estoppel by inducement and equitable estoppel arguments, the superior court erred in denying their motion under Arizona Rule of Civil Procedure 56(f), seeking more time to conduct discovery about the Defendants' motivation which would enable them to show the Defendants acted maliciously. We find no reversible error. Even assuming without deciding that the Defendants acted maliciously, Appellants could not prevail on their estoppel arguments because they could not show extraordinary circumstances beyond their control, including fraud or concealment, that misled them to recognizing a legal wrong or from filing the notices of claim on a timely basis.

original) (quoting *Iseley v. Bucks County*, 549 F. Supp. 160, 166 (E.D. Pa. 1982)).

¶30 The Amended Complaint alleges: "At the time the State filed the Dependency Action, it knew or should have known that Det. Krause's descriptions of the photographs were false, and it knew or should have known that there was no probable cause" and the State "should have dismissed" the action at different junctures. Even assuming that these allegations are true, "state prosecutors have absolute immunity from liability for their actions in initiating prosecutions." *Challenge,* 138 Ariz. at 204, 673 P.2d at 948 (citation omitted); *see State v. Superior Court (Ford)*, 186 Ariz. 294, 298, 921 P.2d 697, 701 (App. 1996) (finding that absolute immunity bars malicious prosecution and abuse of process claims); *accord Gray v. Poole*, 243 F.3d 572, 577-78 (D.C. Cir. 2001) (holding that District of Columbia attorneys are shielded by absolute immunity from liability in "initiating a prosecution" and "presenting the State's case" (citation omitted)). Absolute immunity applies irrespective of the prosecutor's intent and even if the prosecution was baseless. *See Ford*, 186 Ariz. at 297, 298, 921 P.2d at 700, 701.

¶31 Based upon the amended complaint's allegations, Parents and Grandparents would not be entitled to relief under any set of facts susceptible to proof. Because the above acts are protected by prosecutorial immunity, the superior court did not err in dismissing any of the counts to the extent the counts were based on conduct in prosecuting the dependency action beyond March 1, 2009.[10]

¶32 Appellants argue that since the malicious prosecution claim (Count 1) did not accrue until the dependency action was dismissed in May 2009 or June 2009, the notice of claim as to that count was timely and the court erred in extending absolute prosecutorial immunity to the investigative acts by Krause and CPS as well as to the extra-judicial conduct of the Assistant Attorney General. We reject that argument for several

---

[10] Technically, the court did not limit its dismissal on prosecutorial immunity to just Count 1. Thus, its ruling could apply to any count based on the prosecution of the dependency action. That could include Count 2 (negligence), Count 4 (emotional distress), Count 6 (negligent employment), and Count 9 (damages from agreement to cause harm). The simplest way to handle this is simply to say that immunity applied to any claim to the extent the claim was premised on Hunter prosecuting the action beyond March 1, 2009.

reasons. First, Appellants' claim on Count 1 was limited to the initiation and prosecution of the dependency action, not acts outside of that judicial proceeding. Second, as to all the counts, the court only applied prosecutorial immunity to the Attorney General's continued prosecution of the dependency action, not to CPS or Peoria or to acts occurring prior to March 1, 2009.[11]

**CONCLUSION**

**¶33**     For the reasons stated above, we affirm the superior court's dismissal of the amended complaint and do not address the State's alternative arguments to affirm the amended judgment. The State is entitled to costs on appeal contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[11] We note that Appellants also claimed in the first amended complaint that another extra-judicial act was Krause's attempt to have the Demarees indicted. We have found no reference to that alleged attempt in Appellants' responses to the motions to dismiss as a basis to deny the motions based on prosecutorial immunity. As such we will not consider any argument by Appellants on appeal that the alleged attempt to obtain an indictment somehow requires reversal of the superior court's order based on prosecutorial immunity, especially since the court only applied prosecutorial immunity to the Attorney General's continued prosecution of the dependency action after March 1, 2009. *Cullum v. Cullum,* 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 n.5 (App. 2007) (stating we will not consider arguments on appeal not raised in the superior court).