**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESTHER DE LA FUENTE, on her own
behalf and on behalf of A.D.,

        Plaintiff-Appellant,

v.

ROOSEVELT ELEMENTARY SCHOOL
DISTRICT NO. 66, a political subdivision
of the State of Arizona; JEANNE N.
KOBA, an individual; JONATHAN
MOORE, an individual; FREDDY
MONTOYA, an individual; CYNTHIA
BERNACKI, an individual,

        Defendants-Appellees,

 and

BRENT RUSSELL, an individual;
KELLY SERVICES, INC., a foreign
corporation,

        Defendants.

No.   19-16509

D.C. No. 2:17-cv-04732-DWL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dominic Lanza, District Judge, Presiding

Submitted July 10, 2020[**]
Seattle, Washington

Before: CLIFTON, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

Plaintiff-Appellant Esther De La Fuente filed this action for damages on behalf of her son, A.D., and on her own behalf under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. She alleged that Defendant-Appellees Roosevelt Elementary School District No. 66, et al., violated these laws by failing to implement A.D.'s Section 504 Plan from March 2013 to May 2015. The district court granted summary judgment for Roosevelt based on the applicable two-year statute of limitations, and De La Fuente appeals. Reviewing the decision de novo, *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018), we affirm.

De La Fuente's cause of action accrued no later than June 16, 2015, the day she filed a complaint with the United States Office of Civil Rights ("OCR") alleging that Roosevelt failed to implement A.D.'s Section 504 Plan from March 2013 to May 2015. *See Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129,

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

1136 (9th Cir. 2006) (holding that a cause of action accrued no later than the date the plaintiff "filed a complaint alleging virtually identical claims" with the state board). Although De La Fuente could have then filed a parallel civil action for damages in federal court, she filed her complaint two and a half years later, on December 21, 2017. By then, the claims had become stale.

De La Fuente is not entitled to equitable tolling for fraudulent concealment. Roosevelt's assertions denying the existence of A.D.'s Section 504 Plan were not "affirmative acts of fraud or concealment" that misled De La Fuente from reasonably discovering the injury or legal wrong. *Porter v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010); *see Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987). To the contrary, Roosevelt's assertions supported De La Fuente's claim of injury by confirming that the Plan had not been implemented. Meanwhile, De La Fuente had no reason to believe Roosevelt's assertions, considering she had a written copy of the Section 504 Plan and was present when it was developed.

This case is not analogous to *Lasley v. Helms*, 880 P.2d 1135 (Ariz. Ct. App. 1994), which involved a viable theory of equitable tolling based on constructive fraud. Here, constructive fraud was not established. *Cf. id.* at 1137-38. Among other things, De La Fuente failed to offer any authority to show that she was

3

entitled to rely on Roosevelt's assertions because of a "fiduciary or confidential relationship" between them. *Id.* at 1138; *see McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 694 (Ariz. Ct. App. 2007) ("It is the plaintiff's burden to demonstrate why he or she is entitled to equitable tolling of the statute of limitations." (citation omitted)).

Finally, because De La Fuente did not establish a viable theory of fraudulent concealment, a jury question regarding when De La Fuente knew or should have known of the "fraud" never arose. Summary judgment was proper.

**AFFIRMED.**