NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY S. DE PETRIS,
*Plaintiff/Appellant*,

*v.*

AMELIO C. ENTERPRISES, INC.,
*Defendant/Appellee*.

No. 1 CA-CV 19-0428

FILED 9-3-2020

Appeal from the Superior Court in Maricopa County
No.  CV2019-001667
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Anthony S. De Petris, Phoenix
*Plaintiff/Appellant*

Jaburg & Wilk, P.C., Phoenix
By Nichole H. Wilk
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

**¶1**   Plaintiff Anthony S. De Petris appeals from an order granting a motion to dismiss filed by defendant Amelio C. Enterprises, Inc. (ACE). Because De Petris' claims are time-barred, the order is affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**   In 1996, De Petris sold Cactus Candy Company and related assets to Amelio Casciato for $650,000. When signing the contract, De Petris alleges Casciato "changed the selling price from $300,000 without my consent to $200,000." De Petris claims he learned he "was [b]eing swindled . . . two years later" (in 1998) when "Casciato amended the payment schedule . . . [a]nd breached the payment agreement." More than two decades then passed.

**¶3**   In 2019, De Petris filed this case claiming, among other things, breach of contract, fraud and trademark and copyright infringement related to the sale of a business. De Petris names ACE as the defendant, but all the allegations concern Casciato, who allegedly "formed" ACE. ACE moved to dismiss, arguing De Petris' claims were time-barred. When De Petris did not respond, the court summarily granted the motion to dismiss. *See* Ariz. R. Civ. P. 7.1(b) and 12(b)(6) (2020).[2] This court has jurisdiction over De Petris' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

---

[1] This court assumes the truth of all well-pleaded facts alleged in the complaint. *Fidelity Sec. Life Ins. Co. v. Ariz. Dep't. of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶4**　　　　Whether a claim is time-barred turns on: (1) when the cause of action accrued; (2) the applicable limitations period; (3) when the claim was filed; and (4) whether the limitations period was tolled or suspended. *Porter v. Spader*, 225 Ariz. 424, 427 ¶ 8 (App. 2010). This court reviews de novo the dismissal of a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

**¶5**　　　　Presuming the discovery rule applied, De Petris' claims accrued when he "kn[ew] or, in the exercise of reasonable diligence, should [have] know[n] the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). De Petris admits he discovered the underlying facts here in 1998, two years after the sale. Yet he did not file his complaint until 2019, more than two decades after he discovered being "swindled."

**¶6**　　　　The longest applicable limitation period for De Petris' claims is six years. *See* A.R.S. § 12-548(A) (six years for breach of written contract); A.R.S. § 12-543 (three years for breach of oral contract and fraud); 17 U.S.C. § 507(b) (three years for trademark and copyright infringement claims); *see also* 28 U.S.C. § 1338(a) (providing this court lacks jurisdiction to consider De Petris' federal claims). Accordingly, De Petris' claims are time-barred unless the limitations periods were suspended or tolled for many years.

**¶7**　　　　Under Arizona law, suspension or tolling of a statute of limitations applies "only in very limited and specified situations." *Porter*, 225 Ariz. at 427 ¶ 10 (citing statutes). De Petris points to no statutory provision that would toll or suspend his claim after 1998. Nor does he allege any circumstances that would equitably toll his claims. *See id.* at 427 ¶ 11. Although De Petris alleges that he was briefly "stalled" after the payment schedule was breached, this does not explain waiting two decades to bring these claims.

**CONCLUSION**

**¶8**          De Petris has shown no error in the court granting ACE's motion to dismiss. Because his claims are time-barred, the order dismissing his claims is affirmed. ACE's requests for an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01, and taxable costs on appeal, are granted contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA