**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SERGIO CASILLAS RAMIREZ,
*Plaintiff-Appellant*,

v.

COUNTY OF SAN BERNARDINO, a
political subdivision; ROD HOOPS,
Sheriff; WILLIAM CHAMPIN,
Sheriff's Deputy; D. PATTON,
Sheriff's Deputy; and EDWARD
FINNERAN, Sheriff's Deputy,
*Defendants-Appellees*,

and

JIM ORR, Private Investigator;
RECORDING INDUSTRY ASSOCIATION
OF AMERICA,
*Defendants*.

No. 13-56602

D.C. No.
5:13-cv-00573-
JFW-SP

OPINION

Appeal from the United States District Court
for the Central District of California
John Walter, District Judge, Presiding

Argued and Submitted
June 5, 2015—Pasadena, California

Filed November 23, 2015

Before: Jay S. Bybee and Carlos T. Bea, Circuit Judges,
and Elizabeth E. Foote,[*] District Judge.

Opinion by Judge Foote

## SUMMARY[**]

### Civil Procedure

The panel reversed the district court's dismissal of a civil rights complaint and remanded for further proceedings.

The panel held that plaintiff was not required, pursuant to Federal Rule of Civil Procedure 15(a), to seek leave of court before filing his Second Amended Complaint. The panel held that Rule 15(a) does not impose any particular timing mechanism governing the order in which amendments must be made. Because plaintiff's First Amended Complaint, filed with consent of the opposing party, complied with Rule 15(a)(2) as an "other amendment," plaintiff was permitted to file a timely Second Amended Complaint "as a matter of course" under Rule 15(a)(1), without seeking leave of court. Accordingly, the panel reversed the district court's refusal to recognize the Second Amended Complaint. Because the timely filed Second Amended Complaint mooted the pending motion to dismiss, the panel reversed the district court's grant

---

   [*] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

   [**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of defendants' motion to dismiss the First Amended Complaint and the resulting dismissal of the plaintiff's case.

## COUNSEL

Moises A. Aviles (argued), Aviles & Associates, San Bernardino, California, for Plaintiff-Appellant.

Dawn M. Flores-Oster (argued), Lewis Brisbois Bisgaard & Smith, Los Angeles, California, for Defendants-Appellees.

## OPINION

FOOTE, District Judge:

Plaintiff-Appellant, Sergio Ramirez, appeals the district court's dismissal of his civil rights complaint and the subsequent denial of his motion to reconsider that dismissal. In this appeal, we consider whether Federal Rule of Civil Procedure 15(a) required the Plaintiff, who filed his First Amended Complaint with consent of the opposing party, to seek leave of court before filing his Second Amended Complaint. This inquiry demands that we carefully scrutinize Rule 15(a)'s text to discern whether it imposes any particular timing mechanism governing the order in which amendments must be made. Because we find that Rule 15(a) does not impose any such timing mechanism, we hold that the Plaintiff was permitted to file his Second Amended Complaint "as a matter of course," without seeking leave of court. Accordingly, we reverse the judgment of the district court below.

## I.

This civil rights case arises from an incident in which San Bernardino Sheriff's deputies stopped the Plaintiff in his driveway whereupon they allegedly beat, tased, and detained him despite his compliance with their commands. The Plaintiff asserts that he was detained for fifteen days without being arraigned or brought to court and that he was subsequently transferred to two different immigration detention centers, where he endured additional suffering before being released on bail. The merits of the case and the Plaintiff's allegations against the Defendants are not at issue in this appeal, however. Rather, we focus on an intriguing confluence of procedural mechanisms that resulted in the district court's action below.

In December 2012, the Plaintiff filed suit in California state court against the County of San Bernardino and other individuals, chiefly claiming a violation of his civil rights. On April 29, 2013, after removal of the case to federal court, the Plaintiff and the Defendants stipulated to the dismissal of certain Defendants and agreed that the Plaintiff could amend his complaint within twenty days. The parties submitted the stipulation to the district court for its approval. The district court shortened the Plaintiff's deadline to file an amended complaint from twenty days to ten days, but signed the order. Within ten days, as contemplated by the stipulation and order, the Plaintiff filed his First Amended Complaint, alleging civil rights violations, battery, false imprisonment, invasion of privacy, negligence, intentional infliction of emotional distress, and violations of Sections 51.7 and 52.1 of the California Unruh Civil Rights Act.

On May 22, 2013, the Defendants filed a motion to dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and also moved for a more definite statement, pursuant to Rule 12(e). The motion was calendared for hearing on June 24, 2013. Pursuant to Central District of California Local Rule 7-9, the Plaintiff was required to file an opposition to the Defendants' motion no later than twenty-one days before the hearing date. If the Plaintiff intended not to oppose the motion, Local Rule 7-9 mandated that he file a written statement confirming he would not oppose the motion. Although the Plaintiff's opposition or statement of non-opposition was due to the court by June 3, 2013, he failed to submit any response to the motion. Rather, on June 12, 2013, he attempted to file a Second Amended Complaint. This filing was rejected on June 14, 2013 because leave of court had neither been sought nor granted.

By June 19, the Defendants' motion to dismiss was still unopposed. Consequently, the district court granted the motion to dismiss, relying upon Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." Thus, without considering the merits of the Plaintiff's First Amended Complaint, the district court deemed the Plaintiff's silence as his consent to the granting of the Defendants' motion to dismiss. The district court dismissed the First Amended Complaint, without leave to amend, as to all Defendants, including two nonmoving Defendants, and dismissed the action entirely.

Nearly one month later, the Plaintiff filed a motion for reconsideration under Rules 59(e) and 60(b). There, he submitted that the Second Amended Complaint was

> appropriately filed as an amended complaint filed of course under Federal Rule of Civil Procedure 15(a)(1), and properly superseded the First Amended Complaint, making the Motion to Dismiss, filed May 22, 2013, moot, and that a newly decided Federal case and a newly decided State case would bar granting a Motion to Dismiss without leave to amend. In the alternative, Plaintiff attempted to file the Second Amended Complaint based on the fact that the Plaintiff previously obtained leave to file the First Amended Complaint, and still believed that he still had the right to file an amended complaint filed of course, but through carelessness, attempted to file the Second Amended Complaint anyway.

The district court denied the motion for reconsideration, explaining that the Plaintiff was not entitled to file a Second Amended Complaint without seeking leave of court, as he had already exhausted his one matter of course amendment when he filed the First Amended Complaint. The court explained:

> Based on the stipulation of the parties, the Court entered an order on May 1, 2013 that had been lodged by the parties dismissing those defendants [in the original complaint] and setting a deadline for the filing of an amended complaint. Although the May 1,

2013 Order set a deadline by which Plaintiff had to file a First Amended Complaint, the stipulation submitted by the parties did not seek, and the Court did not grant, Plaintiff leave to file his First Amended Complaint. Thus, Plaintiff's First Amended Complaint filed on May 9, 2013 constituted his one "as a matter of course" filing of an amended complaint. In addition, even if the May 1, 2013 Order is construed as granting Plaintiff leave to amend his original Complaint, Plaintiff was still not entitled to file his Second Amended Complaint without seeking leave of the Court because he had waived his right to file an amended complaint "as a matter of course." . . . Therefore, the Court properly rejected the Second Amended Complaint because Plaintiff failed to seek leave of the Court to file it.

The district court further reasoned that the Defendants' motion to dismiss was properly granted under the Local Rules because the Plaintiff failed to file an opposition, which was deemed consent to the granting of the motion. The court found that vacating the dismissal of the case would prejudice the Defendants who would be required to devote additional time and resources to more litigation; that prejudice would be "compounded by the fact that granting Plaintiff's Motion would simply reward Plaintiff for his repeated violations of the Federal Rules of Civil Procedure and the Local Rules while the County Defendants incurred additional unnecessary expenses in defending this action." For those reasons, the

district court concluded that the Plaintiff was not entitled to relief under Rule 60(b) and denied the motion.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's rejection of the Second Amended Complaint, pursuant to its interpretation of Rule 15, will be reviewed *de novo*. *See Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005) ("This court reviews *de novo* a district court's interpretation of the Federal Rules of Civil Procedure.").

## III.

The Plaintiff's chief complaint on appeal is that Rule 15(a) is ambiguous and that under the Rule, it is not clear whether he was required to seek leave of court to file his Second Amended Complaint. After a thorough examination of the Rule, we hold that he was not.

Rule 15(a) provides:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or

---

[1] As we reverse this case on the basis of Rule 15, we do not reach the arguments advanced on appeal regarding the other issues raised in the Plaintiff's motion for reconsideration.

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).[2]  The Plaintiff contends the district court erred in striking his Second Amended Complaint and should have allowed it to be filed.  While we agree with the Plaintiff that the district court impermissibly rejected the Second Amended Complaint, we do not agree that Rule 15(a) is ambiguous.

As the Supreme Court has long instructed in the context of statutory interpretation, when the wording of a rule is clear and unambiguous and is not capable of more than one meaning, "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. United States*, 242 U.S. 470, 485 (1917); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)

---

[2] Rule 15 was amended in 2009.  Prior to that amendment, it provided that a party could amend once as a matter of course at any time before a responsive pleading was served, or within twenty days of service if no responsive pleading was permitted and the case was not on the court's trial calendar.  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688–89 (9th Cir. 2005).  Otherwise, a party could amend only with leave of court or consent of the opposing party.  *Id.* at 689.

("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (internal quotation marks omitted). We think Rule 15 is clear and unambiguous. Indeed, a straightforward reading of Rule 15(a) provides several distinct methods by which a plaintiff may amend his complaint and the concomitant parameters for doing so.

The district court erroneously held that the First Amended Complaint was filed as a matter of course and, thus, that the Plaintiff could not file another 15(a)(1) amendment. The district court therefore ruled that the Plaintiff was required to seek leave of court under 15(a)(2). In the alternative, the district court opined that if the first amendment was filed with leave of court under 15(a)(2), then the Plaintiff had effectively waived his right to file a matter of course amendment under 15(a)(1). We disagree both with the district court's characterization of the First Amended Complaint as being the Plaintiff's one matter of course amendment, as well as its conclusion about the timing and waiver mechanism of Rule 15(a).

Here, the Plaintiff's first amendment was accomplished pursuant to a stipulation between the parties. This particular amendment complied with Rule 15(a)(2) as an "other amendment" because it was filed with "the opposing party's written consent." It is arguable that this amendment was also filed with the "court's leave," which, as the district court recognized, is an alternative method of complying with Rule 15(a)(2).[3]

---

[3] The district court opined that the Plaintiff never sought leave in filing the First Amended Complaint, and further, that it never actually granted

Thus, the second question before this court is whether the Plaintiff was allowed to file a Second Amended Complaint as a matter of course under 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment. We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase "in all other cases" does not indicate that it chronologically follows 15(a)(1). Indeed, it does not even hint that there is a timing component to the operation of this Rule. Rather, it plainly provides an alternative to the methods available under 15(a)(1). Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).

For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely. The reverse is equally true and is more often the case: a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended

leave. However, finding that 15(a)(2) was satisfied by the stipulation, we need not reach a decision on that particular issue.

complaint under 15(a)(2). Either order complies with the text of the Rule.

We base our decision on a straightforward reading of the text of, as well as our own past remarks about, Rule 15. That is, we previously have considered the phrase matter of course as consonant with "as of right," implying, if not expressly declaring, that Rule 15 confers a "right" to amend upon parties. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (parties have twenty-one days "to amend as of right"); *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir. 2008) (explaining in pre-amendment context that until a responsive pleading is filed or a final judgment dismissing the case is entered, the plaintiff "had an absolute right to amend"); *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) (before a responsive pleading was filed and before the case was dismissed, the plaintiffs "had an absolute right to amend their complaint"); *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ([Rule 15(a)] "gives a plaintiff one opportunity to amend as of right. The district court [erred by] not afford[ing] this opportunity."); *Worldwide Church of God, Inc. v. California*, 623 F.2d 613, 616 (9th Cir. 1980) ("[A] party may, as a matter of right, amend its complaint once before the filing of a 'responsive pleading' or the entry of final judgment . . . .").

Thus, it is clear that we routinely have viewed Rule 15(a)(1)'s ability to amend as a right, one which is exhausted or limited only by the restrictions set forth in the Rule itself. In other words, before 2009, a plaintiff had the right to amend his complaint up until the point in time when a responsive pleading was filed or within twenty days after service of the pleading if no response was permitted and the case was not

on the trial calendar. Since 2009, a plaintiff has the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B)). The Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely.

Indeed, it was. The Defendants' Rule 12(b)(6) and 12(e) motion was filed on May 22, 2013. Rule 15(a)(1)(B) allowed the Plaintiff to amend once within twenty-one days after service of that motion. The Plaintiff attempted to file his Second Amended Complaint on June 12, 2013, which was the twenty-first day after the motion to dismiss was filed. Hence, the amendment was timely filed.[4]

## IV.

What outcome, then, results when a timely filed Second Amended Complaint coincides with an unopposed motion to dismiss? It is well-established in our circuit that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey*, 693 F.3d at 927–28; *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). In other words, "the original pleading no longer performs any function . . . ." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Consequently, the

---

[4] Because the district court rejected the Second Amended Complaint upon filing, the issue of timeliness was never considered in the court below, nor is it argued here.

Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.

We understand that discrete procedural mechanisms converged in this case— the stipulation which resulted in the First Amended Complaint, the motion to dismiss, the proffered Second Amended Complaint, and the lack of opposition to the motion to dismiss. However, we find that the district court erred in its interpretation of the interplay between Rule 15 and Local Rule 7-12, which deems the lack of opposition as consent to the granting of the motion. The district court erred in permitting a local rule to trump the governing federal rule. The application of Local Rule 7-12 resulted in the dismissal of the Plaintiff's case and the concomitant denial of leave to amend, all without considering the legal import of the Second Amended Complaint. This deprived the Plaintiff of his right to file an amended complaint under Rule 15. If in conflict, the Local Rule must yield to the federal rule, here Rule 15. *See Colgrove v. Battin*, 413 U.S. 149, 161 n.18 (1973). We therefore reverse the district court's grant of the motion to dismiss.

## V.

We decline to address the Plaintiff's request to remand this action to state court. We generally do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We have found no record evidence demonstrating that the Plaintiff raised this

issue before the district court, and therefore, we decline to consider it now.

## VI.

For the foregoing reasons, we conclude that the Plaintiff was permitted to file his Second Amended Complaint as a matter of course without seeking leave to amend. Accordingly, we reverse the district court's refusal to recognize the Second Amended Complaint. Because the timely filed Second Amended Complaint mooted the motion to dismiss, we reverse the district court's grant of Defendants' motion to dismiss the superseded First Amended Complaint and the resulting dismissal of the Plaintiff's case. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.