NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 9 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRY WORLEY,

      Plaintiff - Appellant,

  v.

PITE DUNCAN, LLP; PNC BANK, N.A.,
DBA PNC Mortgage,

      Defendants - Appellees.

No.   14-35241

D.C. No. 6:13-cv-02104-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted May 5, 2016[**]
Portland, Oregon

Before:  TALLMAN and HURWITZ, Circuit Judges and BATTAGLIA,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Terry Worley appeals the district court's dismissal of her complaint for failure to state a claim against Pite Duncan, LLP ("Pite Duncan") and PNC Bank, N.A. ("PNC"). The complaint asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Oregon law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      Worley argues that there were four inaccuracies in a payoff letter prepared by Pite Duncan in connection with a loan serviced by PNC: the stated principal, the amount of interest, Pite Duncan's attorneys' fees, and a "Recording/Reconveyance" fee. Only the attorneys' fees claim was raised below; the others are therefore waived. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("We generally do not consider arguments raised for the first time on appeal.").

2.      The district court correctly dismissed Worley's attorneys' fees claim. Although the complaint claimed that Worley owed Pite Duncan no fees at all, the loan documents provided for attorneys' fees in the event of default, and Worley concedes that she defaulted on the loan, and that the law firm performed work related to her default. The district court therefore appropriately concluded that her attorneys' fees claim was implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3.     The district court did not err by failing to sua sponte provide Worley an opportunity to amend her complaint. "Where a party does not ask the district court for leave to amend, 'the request [on appeal] to remand with instructions to permit amendment comes too late.'" *Alaska v. United States*, 201 F.3d 1154, 1163-64 (9th Cir. 2000) (brackets in original) (quoting *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 833 (9th Cir. 1976)).  Moreover, Worley does not explain how she would remedy the pleading's defects, merely stating in her opening brief that an amended complaint "would more clearly outline the facts of the case that are necessary to prove Pite Duncan's violations under the FDCPA."

**AFFIRMED.**