**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA ANN WOOD, a married woman filing individually, | No. 14-16635 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00063-JAT |
| v. | MEMORANDUM[*] |
| UNIVERSITY PHYSICIANS HEALTHCARE, an Arizona Corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted July 7, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Plaintiff-Appellant Pamela Ann Wood appeals the district court's grant of

summary judgment in favor of Defendant-Appellee University Physicians

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Healthcare ("UPH") on her claims under the Americans with Disabilities Act. We affirm.

(1) Wood's failure to accommodate and failure to engage in an interactive process claims cannot be considered. These claims were not raised before the district court and we decline to reach them here. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Wood relies on this court's ability to consider a new issue when it is "purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed," *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)), but she has failed to demonstrate that those conditions exist in this case.

(2) The district court properly granted summary judgment to UPH on Wood's disparate treatment claim. Wood did not establish a *prima facie* case of discrimination because she failed to demonstrate that her compensation level was connected to her disability. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 994 (9th Cir. 2007) ("An employee bears the burden of proving that he was discriminated against 'because of' a disability."). She contends that two other Adult Nurse Case Managers were paid more than she was even though she was

more qualified and experienced, but she relies only on conclusory assertions and nowhere demonstrates that the employees were similarly situated.

The district court also correctly concluded that Wood failed to demonstrate that UPH's legitimate, non-discriminatory reason for the pay disparity was pretextual. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).

(3) The district court did not err in granting summary judgment to UPH on Wood's retaliation claim under the ADA. Wood failed to show that she suffered an adverse employment action. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849-50 (9th Cir. 2004). She contends that she suffered adverse employment actions in retaliation for her hotline call when she was denied accommodation for her disability and denied higher compensation, but both occurred before the hotline call. Wood cannot establish a causal link between her protected activity and her denied requests when the denials occurred before the protected activity.

The remaining allegedly retaliatory actions Wood relies on do not constitute adverse employment actions. None are "reasonably likely to deter employees from engaging in protected activity." *Pardi*, 389 F.3d at 850 (quoting *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)).

**AFFIRMED.**