NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOUALEM HABIB, | No. 17-35073 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01685-RSL |
| v. | |
| TOTE SERVICES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Boualem Habib appeals pro se from the district court's summary judgment

in his employment action alleging claims under Title VII and state law.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, and may affirm on any

basis supported by the record.  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2009).  We affirm.

Summary judgment on Habib's disparate treatment claims was proper because Habib failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reason for terminating Habib was pretextual.  *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155-56 (9th Cir. 2010) (setting forth burden-shifting framework for Title VII disparate treatment claim under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) ("The prima facie case may be based either on a presumption arising from the factors such as those set forth in *McDonnell Douglas*, or by more direct evidence of discriminatory intent."); *Blackburn v. State*, 375 P.3d 1076, 1080 (Wash. 2016) (en banc) (Washington courts look to Title VII for guidance in disparate treatment cases under the Washington Law Against Discrimination ("WLAD")).

The district court properly granted summary judgment on Habib's hostile work environment claim under the WLAD because Habib failed to raise a triable dispute as to whether defendant authorized, knew of, or should have known of any harassment.  *See Blackburn*, 375 P.3d at 1081 (elements of hostile work environment claim under WLAD); *Glasgow v. Ga.-Pac. Corp.*, 693 P.2d 708, 711-12 (Wash. 1985) (en banc) ("[E]mployee must show that the employer . . . authorized, knew, or should have known of harassment and . . . failed to take

reasonably prompt and adequate corrective action.").

Because Habib does not challenge the district court's determination that Habib failed to exhaust his administrative remedies on his hostile work environment claim under federal law, we do not consider Habib's arguments regarding the merits of this claim. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider Habib's contentions regarding retaliation because the operative first amended complaint does not contain a retaliation claim. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." (citation and internal quotation marks omitted)).

**AFFIRMED.**