**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIAN BOSS, | No. 17-17255 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02344-ROS |
| v. | |
| CITY OF MESA; THOMAS E. DENNING, Detective, City of Mesa Police Department; J. R. GOMEZ, in his individual capacity as a sergeant with the City of Mesa Police Department; WARREN SOLOMON, in his individual capacity as an officer with the City of Mesa Police Department; JASON BELLOWS, in his individual capacity as an officer with the City of Mesa Police Department; CONRAD CASCIO, in his individual capacity as an officer with the City of Mesa Police Department; LEONARDO DAVILA, in his individual capacity as an officer with the City of Mesa Police Department; BRANDON EKREN, in his individual capacity as an officer with the City of Mesa Police Department; ESTEBAN FLORES, in his individual capacity as a detective with the City of Mesa Police Department; CRAIG GARCIA, in his individual capacity as an officer with the City of Mesa Police Department; JEFFERY NEESE, in his individual capacity as an officer with the City of Mesa Police | MEMORANDUM* |

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Department; JAMES POLLARD, in his individual capacity as an officer with the City of Mesa Police Department; DON RUDD, in his individual capacity as an officer with the City of Mesa Police Department; BRANDON SCHILLING, in his individual capacity as an officer with the City of Mesa Police Department; EDWARD ULIBARRI, in his individual capacity as an officer with the City of Mesa Police Department; ANDREW WALAG, in his individual capacity as an officer with the City of Mesa Police Department; LYLE BURTON, in his individual capacity as an officer with the City of Mesa Police Department,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted August 20, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Julian Boss appeals portions of the district court's order granting summary judgment in favor of the City of Mesa (the "City") and sixteen individual officers of the City of Mesa Police Department in an action asserting Fourth Amendment

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations under 42 U.S.C. § 1983. Specifically, Boss appeals the district court's rulings that (1) Boss's claims against Mesa officers Bellows, Burton, Cascio, Davila, Ekren, Flores, Garcia, Neese, Pollard, Rudd, Schilling, Solomon, Ulibarri, and Walag (hereinafter "Newly Added Officers") were barred by the statute of limitations; (2) Boss failed to identify any evidence supporting a *Monell* claim against the City; (3) Boss's excessive force claim against Sergeant Gomez and Detective Denning failed; and (4) Defendants had probable cause to arrest Boss on November 19, 2013.[1] Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Boss's Fourth Amendment claims against the "Newly Added Officers" are barred by the statute of limitations.

We review de novo the district court's determination of whether a claim is barred by the statute of limitations. *See Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002)). Likewise, we review de novo the district court's application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c). *See Williams v. Boeing Co.*, 517 F.3d 1120, 1132 (9th Cir. 2008) (citing *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir. 2006)).

---

[1] Boss does not appeal from the district court's disposition of his claims based on his November 20, 2013 arrest or his claims that his property was improperly seized or damaged.

Section 1983 does not contain its own statute of limitations. Without a federal limitations period, we "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). Arizona's applicable limitations period is two years.

All of the events relevant to Boss's Fourth Amendment claim against the City of Mesa and its officers occurred in November 2013. But Boss did not identify the Newly Added Officers until he filed his Second Amended Complaint on December 21, 2015. As a result, Boss's Second Amended Complaint against the Newly Added Officers is barred by the statute of limitations unless it "relates back" to the original or First Amended Complaint.

In this case, Boss's complaint does not "relate back." Federal Rule of Civil Procedure 15(c) permits relation back, subject to certain limitations, when an amendment "changes the party or the naming of the party." Fed. R. Civ. P. 15(c)(1)(C). Under Rule 4(m), the Newly Added Officers had to receive notice of Boss's complaint within 90 days of the First Amended Complaint. Fed. R. Civ. P. 4(m). The First Amended Complaint was filed on May 8, 2015. The Newly Added Officers, however, did not receive notice of the Second Amended

4

Complaint or its naming of them as defendants until December 2015 at the earliest—well after the notice period under Rule 4(m) had expired.

Additionally, Boss concedes there was no "mistake concerning the proper part[ies'] identit[ies]" in this case. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Replacing a "John Doe" defendant with the actual name of a defendant is not a "mistake" that allows relation back under Rule 15(c)(1)(C). *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1203–04 (9th Cir. 2014).

Finally, Boss is not entitled to equitable tolling. Equitable tolling is appropriate only when "a defendant [engages in] affirmative acts of fraud or concealment [that] misled a person from either recognizing a legal wrong or seeking timely legal redress." *Porter v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010). Boss identifies no such actions by the Newly Added Officers. If anything, Boss's failure to plead plausible claims in the original complaint, his own refusal to participate in the voluntary discovery process, his requests for lengthy extensions of time, and his failure to seek relevant police reports were responsible for his inability to identify the Newly Added Officers sooner.

As a result, Boss's claims against the Newly Added Officers are barred by the statute of limitations. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002).

**II.     Boss failed to identify any evidence supporting a *Monell* claim against the City.**

5

"Congress did not intend municipalities to be held liable" under 42 U.S.C. § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). To prevail on a *Monell* claim, Boss must "establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to [Boss]'s constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989)).

Boss failed to identify a constitutionally deficient policy that the City has adopted or implemented. Instead, Boss argued that the City is liable because the "officers here are alleged to have been acting 'within the scope and course' of their employment as police officers." But a municipality cannot be held vicariously liable for an officer's alleged misconduct solely because the municipality "employs a tortfeasor." *Monell*, 436 U.S. at 691. Conclusory allegations that the City had an unconstitutional policy are insufficient to survive summary judgment. *See Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014) ("[B]are-bones allegations of municipal liability on the grounds that 'multiple officers with varying degrees of experience' were involved in the events are insufficient to establish liability."); *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2

6

(9th Cir. 2007) ("[A] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)). Accordingly, the district court did not err in granting summary judgment in favor of the City on Boss's *Monell* claims.

### III. The district court properly granted summary judgment on Boss's excessive-force claim against Denning and Gomez.

Having dispensed with Boss's claims against the Newly Added Officers and the City, we are left with Boss's excessive-force claim[2] against Detective Denning and Sergeant Gomez. Because Boss concedes that Denning and Gomez were not present when he was arrested and handcuffed on November 19, 2013, the district court properly granted summary judgment in favor of Denning and Gomez on Boss's excessive-force claim.

### IV. There was probable cause to arrest Boss on November 19, 2013.

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In

---

[2] Although Boss contends that he has asserted a state-law assault and battery claim against the Defendant officers, the Second Amended Complaint contains no such claim. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (citation and internal quotation marks omitted)).

7

this case, Defendants identified multiple pieces of evidence—known to police prior to Boss's November 19, 2013 arrest—supporting their suspicion that Boss and Derek Lawson were responsible for the murder of Isha Baczynski. Boss's claim that the only information known to police officers before the November 19, 2013 arrest was that a "Toyota truck (sometimes referenced as colored white . . .) was involved," is belied by this additional evidence cited in Officer Flores's affidavit. For that reason, the district court properly held that the Defendants had probable cause to arrest Boss on November 19, 2013.

**AFFIRMED.**