NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALUBHAI G. PATEL et al.,<br><br>          Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>          Defendants-Appellees. | No. 18-55983<br><br>D.C. No. CV-18-01219-DMG-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding.

Submitted January 9, 2020[**]
Pasadena, California

Before: WATFORD, BENNETT, and LEE, Circuit Judges.

Appellants appeal the district court's order granting the city's motion to

dismiss the complaint under Central District of California Local Rule 7-12. We

have jurisdiction under 28 U.S.C. § 1291 and review the "district court's dismissal

pursuant to its local rules for abuse of discretion," *Ghazali v. Moran*, 46 F.3d 52,

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

53 (9th Cir. 1995).[1] "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Id.* We affirm.[2]

The district court did not abuse its discretion. *See id.* ("Failure to follow a district court's local rules is a proper ground for dismissal."). The city filed a motion to dismiss appellants' First Amended Complaint. Appellants did not file any opposition to the motion. *See* C.D. Cal. R. 7-9 (parties required to respond to motions at least 21 days before hearing). The district court granted the city's motion to dismiss for failure to oppose, citing Local Rule 7-12,[3] and directed appellants to file an amended pleading or to notify the city of their intent to not do so. The district court also warned appellants that failure to file a timely amended complaint would result in a dismissal of their claim without prejudice. Appellants, represented by counsel, had an opportunity to file an amended complaint, but instead chose to seek a final order from the district court dismissing the claim with prejudice, in order to pursue an appeal. The district court obliged and entered a

---

[1] While we review "de novo whether there is a conflict between a local rule and a Federal Rule," *Heinemann v. Satterberg,* 731 F.3d 914, 916 (9th Cir. 2013), Local Rule 7-12 does not conflict with Rule 12 of the Federal Rules of Civil Procedure. Unlike Rule 56, *see id.* at 917, Rule 12 and its committee notes do not prohibit a local rule dismissing the action for failure to respond to a motion. Similarly, *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002 (9th Cir. 2015) only reinforces the principle that conflicting local rules "must yield to the federal rule," *id.* at 1008.
[2] The city's pending motion to take judicial notice, dkt # 26, is denied as moot.
[3] "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12.

2

final judgment, dismissing the claim with prejudice.

"Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). When the district court does not explicitly consider the relevant factors before dismissing the complaint, "we review the record independently." *Id.* at 53–54.

Parties have an obligation to respond to motions. *See* C.D. Cal. R. 7-9; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have power to "manage their dockets without being subject to the endless vexatious noncompliance of litigants"). The public's interest in expeditious resolution of litigation is clearly served when parties file oppositions to substantive motions. This factor also "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Further, district courts are best situated "to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Appellants, represented by counsel, provided no explanation to the district court, or on appeal, for their non-compliance with Local Rule 7-9. Appellants had multiple

3

opportunities to preserve their claim, including responding to the city's motion to dismiss or filing an amended complaint after the district court granted the city's motion. Any prejudice suffered by appellants does not flow from the district court's actions; it flows solely from their decisions to ignore the local rule and forego their opportunity to substantively respond to a substantive motion. Accordingly, we find the district court did not abuse its discretion.

**AFFIRMED.**