**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FISK ELECTRIC COMPANY, a Texas corporation, | No. 19-16469 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-07671-EMC |
| v. | |
| OBAYASHI CORPORATION, a Japanese corporation; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 11, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Plaintiff Fisk Electric Co. appeals the district court's order staying the underlying case pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). We have jurisdiction under 28 U.S.C. § 1291. We vacate the stay and remand for further proceedings.

1. Defendants, Webcor/Obayashi Joint Venture and related entities, concede that they did not argue to the district court that mandatory dispute-resolution provisions in the parties' contracts require Plaintiff to pursue its claims in the consolidated litigation in state court. "We generally do not consider arguments raised for the first time on appeal," Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), and we decline to do so here. Defendants may raise this argument to the district court on remand.

2. The district court erred by staying the case under Colorado River.[1] To

_____

[***] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] We review de novo whether the facts of a case meet the requirements of Colorado River. Montanore Minerals Corp. v. Bakie, 867 F.3d 1160, 1165 (9th Cir. 2017). If we determine that the Colorado River requirements are satisfied, we review the district court's decision for abuse of discretion, "within the narrow and specific limits" of the Colorado River doctrine. Id. (quoting R.R. Street, 656 F.3d at 973).

evaluate the propriety of a <u>Colorado River</u> stay, we typically consider eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

<u>Seneca Ins. Co. v. Strange Land, Inc.</u>, 862 F.3d 835, 841–42 (9th Cir. 2017)

(quoting <u>R.R. Street & Co. Inc. v. Transp. Ins. Co.</u>, 656 F.3d 966, 978–79 (9th Cir.

2011)).  We review these factors against the background principle of "a strong

presumption against federal abstention." <u>Id.</u> at 842.  Thus, we must resolve any

doubt as to a factor's existence "against a stay, not in favor of one." <u>Id.</u> (quoting

<u>Travelers Indem. Co. v. Madonna</u>, 914 F.2d 1364, 1369 (9th Cir. 1990)).

- Which court first assumed jurisdiction over any property at stake:

Defendants concede that this factor is irrelevant because the case does not

implicate rights to any specific piece of property.

- The inconvenience of the federal forum:

This factor also is "irrelevant" because "both the federal and state forums are

located [in the same city.]" <u>R.R. Street</u>, 656 F.3d at 979.

- The desire to avoid piecemeal litigation:

3

Although, in the district court's words, this case "is but one piece of a  much larger, more complicated dispute" pending in state court, neither the district court nor Defendants identified "any special concern counseling in favor of federal abstention," such as a clear federal policy favoring "the avoidance of piecemeal adjudication of water rights in a river system." Seneca, 862 F.3d at 843 (quoting Colorado River, 424 U.S. at 819).  Indeed, "[m]ultiple defendants, claims, and cross-claims are routine in adjudications of tort and insurance disputes—they are the stuff of diversity jurisdiction.  Nothing about this dispute evinces a special or important rationale or legislative preference for resolving these issues in a single proceeding." Id.  Thus, this factor does not favor abstention.

- The order in which the forums obtained jurisdiction:

Plaintiff filed suit in the district court about three months before Defendants brought claims against Plaintiff in state court, although the state litigation had been pending for about two months (without Plaintiff) before Plaintiff brought the federal case.  That said, when the district court stayed this case, both the federal case and the state case remained at the pleadings stage.[2]  See id. (explaining that

---

[2] Although we granted Defendants' motion for judicial notice, most of the documents that they ask us to consider reflect events that occurred after the district

(continued...)

we should compare "the relative progress of each case" rather than simply comparing filing dates).  Thus, this factor does not favor abstention.

•       Whether federal law or state law provides the rule of decision on the merits:

State law controls this case.  But the breach of contract claims that make up this case and the state litigation present "routine issues of state law . . . which the district court is fully capable of deciding"; the mere fact that a state-law case "involves numerous parties or claims" does not justify a stay.  Id. at 844 (quoting Travelers, 914 F.2d at 1370).  Thus, this factor does not favor abstention.

•       Whether the state court proceedings can adequately protect the rights of the federal litigants:

This factor assesses "the state court's adequacy to protect federal rights"; where, as here, no federal rights are at stake because the parties bring only state-law claims, this factor carries "little or no weight."  Travelers, 914 F.2d at 1370.  Thus, this factor does not favor abstention.

•       The  desire to avoid forum shopping:

Diversity jurisdiction gives plaintiffs the right to choose a federal forum in certain circumstances.  Thus, even taking Defendants' assertions about forum

---

²(...continued)
 court stayed the case, making them irrelevant for our purposes.  See R.R. Street, 656 F.3d at 974 (holding that, when reviewing a Colorado River stay, we consider only facts that were available to the district court).

shopping as true, "it may be that [Plaintiff] merely acted within [its] rights in filing a suit in the forum of [its] choice." Id. at 1371. At most, the application of this factor is uncertain, but we must resolve any doubt against a stay. Seneca, 862 F.3d at 842.

- Whether the state court proceedings will resolve all issues before the federal court:

Even assuming that the state case would resolve all the issues in the federal case—that is, that the actions are parallel—this would be the only factor weighing in favor of a stay. "Parallelism is necessary but not sufficient to counsel in favor of abstention." Id. at 845.

Thus, the district court erred by staying the case pursuant to Colorado River. We do not consider whether a stay might be appropriate on other grounds—an issue that the district court did not reach. We vacate the Colorado River stay and remand for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**