NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, | No. 20-15228 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-02241-APG-BNW |
| v. | |
| T-SHACK, INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| BLACKHORSE HOMEOWNERS ASSOCIATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 17, 2020**
Pasadena, California

Before: RAWLINSON, HUNSAKER, and VANDYKE, Circuit Judges.

T-Shack, Inc. appeals the district court's order granting summary judgment to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bank of New York Mellon (BNYM), finding that BNYM's predecessor preserved its deed of trust by tendering the superpriority amount prior to the Blackhorse Homeowners Association's (HOA) foreclosure sale of a residential property. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review the summary judgment order de novo, *Badgley v. United States*, 957 F.3d 969, 974 (9th Cir. 2020), and we affirm.

BNYM sufficiently established that before the foreclosure sale, it tendered a $1,654.30 check to the HOA's foreclosure agent, Nevada Association Services, Inc., which covered nine months of unpaid HOA assessments and reasonable collection costs.[1] T-Shack neither contested nor responded to this evidence below, and we decline to consider arguments raised for the first time on appeal. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008–09 (9th Cir. 2015). And notably, the HOA conceded below that the tender satisfied the superpriority amount. By operation of law, therefore, the tender extinguished the HOA's superpriority lien, and the property remains subject to BNYM's deed of trust. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc), *as amended on denial of reh'g* (Nov. 13, 2018). T-Shack purchased the property subject to BNYM's interest.

---

[1] The tender was effectuated by counsel for BNYM's predecessor in the deed of trust, Bank of America.

T-Shack's bona fide purchaser argument has been rejected by the Nevada Supreme Court. *Id.* BNYM was entitled to insist on the condition imposed in its tender, *see Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) ("Bank of America was entitled to insist on the condition … that acceptance would satisfy the HOA's superpriority lien."), even if T-Shack had not forfeited its argument to the contrary by failing to raise it below. *See Ramirez*, 806 F.3d at 1008–09.

**AFFIRMED.**