NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROOTER HERO PHOENIX, INC.; CALL PRO'S, INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JORDAN BEEBE; BRITTANY BEEBE; ROOTER RANGER, LLC; ROOTER RANGER TUCSON, LLC, <br><br> Defendants-Appellees. | No. 22-15893 <br><br> D.C. No. 2:22-cv-00220-JJT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted March 8, 2023[**]
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Plaintiffs Rooter Hero Phoenix, Inc., and Call Pro's, Inc. appeal the

dismissal of their First Amended Complaint ("FAC") and the striking of their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Second Amended Complaint ("SAC"). Plaintiffs also appeal the district court's

order striking their return of service on the Arizona Attorney General. We have

jurisdiction over at least a portion of the appeal pursuant to 28 U.S.C. § 1291.[1] We

affirm. Because the parties are familiar with the facts and the procedural history of

this case, we recount them only as necessary to explain our disposition.

1.      The district court did not err by striking the SAC. We "review the

district court's ruling on a motion to strike for an abuse of discretion." *El Pollo

Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003). "Discretion is abused

when the judicial action is 'arbitrary, fanciful or unreasonable' or 'where no

reasonable man [or woman] would take the view adopted by the trial court.'" *U.S.

Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002) (citation

omitted). We "may affirm a district court's judgment on any ground supported by

the record, whether or not the decision of the district court relied on the same

grounds or reasoning we adopt." *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d

924, 926 (9th Cir. 2003).

District of Arizona Local Civil Rule ("LRCiv") 12.1(c) requires that parties

meet and confer to determine whether an amended pleading could cure deficiencies

---

[1]      Defendants contend that we lack subject matter jurisdiction over
Plaintiffs' state law claims. Because we affirm the dismissal in its entirety on
alternate grounds, we do not address whether supplemental jurisdiction would have
attached to Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

in an anticipated motion to dismiss. The district court also issued an order at the start of the case, requiring compliance with this local rule. In that order, the court warned the parties that it could strike filings if the parties failed to comply. The district court found that the Plaintiffs repeatedly "fail[ed] to participate in the required meet and confer" before filing amended pleadings, which "led to the precise series of events" the court's initial order "sought to avoid." "For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading." *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991). Therefore, the district court's striking of the SAC was not "arbitrary, fanciful or unreasonable." *U.S. Cellular*, 281 F.3d at 934.

2.      The district court also properly dismissed Plaintiffs' FAC. Plaintiffs did not file a response to Defendants' motions to dismiss. Instead, they improperly filed the SAC in violation of the court's order, which required the parties to meet and confer to cure defects in pleadings, and LRCiv 7.2(c), which requires an opposing party to file a responsive memorandum within 14 days of the filing of a motion. LRCiv 7.2(i) allows a court to deem the failure to file such a response as consent to the granting of the motion. Therefore, the district court properly exercised its discretion pursuant to Fed. R. Civ. P. 41(b) and Local Rules by

granting the motions to dismiss the FAC as unopposed.[2]  Plaintiffs rely on *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), for the proposition that filing the SAC relieved them of the obligation to respond to the motions to dismiss.  *Ramirez* is inapt because there, unlike here, the amended pleading at issue complied with all court orders and was thus a valid operative pleading.  *See id.* at 1006–08.

The district court also correctly granted Defendants' motions to dismiss the FAC on the merits.  Plaintiffs' claims of trademark infringement and unfair competition, under the Lanham Act, fail because Plaintiffs do not allege any effect on interstate commerce.  Plaintiffs' claims of theft, extortion, money laundering, mail fraud, and tax evasion—made under Arizona's criminal statutes—fail because those statutes do not convey a private right of action.  Plaintiffs' common law conversion claim fails because no factual allegations in the FAC support such a claim.  Plaintiffs' civil fraud claim fails because Plaintiffs do not allege either their reliance on any allegedly fraudulent statement or injury from such reliance.  To the

---

[2]  "Ordinarily we give great deference to a district court's interpretation of its own local rules." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018).  "That deference rests on the idea that a court that creates a rule is in the best position to apply it to the circumstances of particular cases." *Id.*  "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

extent that the FAC includes allegations about third parties—Defendants' employees—being defrauded, Plaintiffs lack standing to bring any such claim. Plaintiffs' racketeering claim under Arizona law fails because they do not allege any predicate acts. Plaintiffs' federal Racketeering Influenced and Corrupt Organizations Act claim fails because no allegations support that Defendants were an "enterprise."

3.      The district court also did not err in dismissing all claims against Defendant Rooter Ranger Tucson LLC before it was served. Neither the Federal Rules of Civil Procedure nor case law interpreting them require that a party be served before the district court dismisses claims against it.[3]

**AFFIRMED.**

---

[3]      Because we affirm the district court's dismissal of Plaintiffs' claims against all Defendants, the issue of the district court's striking service on the Arizona Attorney General is moot.