IT IS ORDERED granting Defendant's Motion for Summary Judgment.

IT IS ORDERED denying Plaintiff's Motion for Summary Judgment.

This opinion is not a final, appealable judgment and no other order will follow. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).

863 P.2d 923

**RESOLUTION TRUST CORP., et al.**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

Nos. TX 91–00694, TX 91–00653, TX 91–00654, TX 91–00656, TX 91–01458 and TX 91–01587.

Tax Court of Arizona.

Nov. 17, 1993.

Mark Hyatt Tynan, Phoenix, for plaintiff.

Jack B. Schiffman, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

The issue presented in these cases is whether the Taxpayers are entitled to Rule 60(c) relief from this Court's dismissal of these six cases from the Inactive Calendar.

These six cases were dismissed off the Inactive Calendar for failure to prosecute.[1] Motions to reinstate each case were brought by Taxpayers' counsel, Mark Hyatt Tynan. He argues the dismissals should be vacated under Rule 60(c) of the Arizona Rules of Civil Procedure and the cases should be placed back onto the Inactive Calendar. Maricopa County and the Arizona Department of Revenue ("the Government") oppose the reinstatements. This Court finds that Taxpayers have failed to show they are entitled to Rule 60(c) relief; reinstatement on the Inactive Calendar is denied.

## FACTS

The facts in each case are essentially the same. Taxpayer's counsel, Mr. Tynan in each case, had only to complete limited tasks to prevent dismissal of the cases and to bring the case to trial or to final judgment.

TX 91–00694: The appeal to the Tax Court was filed on October 18, 1991. An exchange of settlement offers was made in September of 1992. On February 11, 1993, the Government sent a second settlement offer to Mr. Tynan to which there was never a response. The case was placed on the Inactive Calendar on March 1, 1993 and

---

**1.** Six Motions to Reinstate onto the Inactive Calendar have been consolidated for the purposes of this opinion. The six cases are: *Resolution Trust Corporation, et al. v. Maricopa County, Arizona Dept. of Revenue*, TX 91–00694; *Centennial Ltd. Partnership, et al. v. Maricopa County, Arizona Dept. of Revenue*, TX 91–00653; *Centennial Ltd. Partnership, et al. v. Maricopa County, Arizona Dept. of Revenue*, TX 91–00654; *Rose, et al. v. Maricopa County, Arizona Dept. of Revenue*, TX 91–00656; *Clarence O. Furuya Trust v. Maricopa County, Arizona Dept. of Revenue*, TX 91–01587; and *Hamel, et al. v. Maricopa County, Arizona Dept. of Revenue*, TX 91–01458.

dismissed off that calendar on June 1, 1993. No motion to set or certificate of readiness was ever filed by Mr. Tynan. He filed a Motion to Reinstate on July 16, 1993.

TX 91–00653: The appeal to the Tax Court was filed October 9, 1991. The case was settled in August of 1992. All that remained to close the case was Taxpayer's proof of timely payment of the 1991 taxes and the signing of a stipulated judgment. On October 8, 1992, and November 17, 1992, the Government sent to Mr. Tynan requests for proof of timely payment of the 1991 taxes. On February 4, 1993, Mr. Tynan provided the Government with a stipulation for judgment and a judgment form; but proof of payment of the taxes was not provided. On February 23, 1993, the Government sent a third request for proof of payment. On March 1, 1993, the case was placed on the Inactive Calendar. On March 8, 1993, and April 13, 1993, Mr. Tynan sent, respectively, a "Certificate of Payment of Taxes" and copies of canceled checks to provide proof of timely payment. The photocopies of the canceled checks neither identified the taxpayer nor identified which parcels' taxes were being paid by the checks. The appeal was dismissed from the Inactive Calendar on May 27, 1993. It was not until June 2, 1993, after dismissal, that Mr. Tynan provided the Government with the requested form of proof of payment of the taxes. The Motion to Reinstate was filed July 20, 1993.

TX 91–00654: The appeal to the Tax Court was filed October 9, 1991 and settled in September of 1992. All that remained to close the case was Taxpayer's proof of timely payment of the 1991 taxes and the signing of a stipulated judgment. On October 22, 1992, and December 2, 1992, the Government sent to Mr. Tynan requests for proof of timely payment of the 1991 taxes. On March 1, 1993, the case was placed on the Inactive Calendar. On March 5, 1993, Mr. Tynan provided the Government with a stipulation for judgment and a judgment form; but no proof of the payment of the 1991 taxes was provided. On March 18, 1993, the Government sent a third request for proof of timely payment.

On May 27, 1993, the case was dismissed from the Inactive Calendar. Again, it was not until June 2, 1993, after the case was dismissed, that Mr. Tynan provided the Government with proof of payment of the taxes. The Motion to Reinstate was filed on July 16, 1993.

TX 91–00656: The appeal to the Tax Court was filed October 9, 1991. On March 1, 1993, the case was placed on the Inactive Calendar. By that time the case had settled and the settlement was eventually set forth in writing on March 16, 1993. To close this case prior to dismissal, Mr. Tynan needed merely to prepare a stipulation of judgment and a judgment form, and to provide the Government with proof of payment of the 1991 taxes. These acts were not performed and the case was dismissed from the Inactive Calendar on May 27, 1993. Proof of timely payment of the 1991 taxes was received by the Government on June 7, 1993. The Motion to Reinstate was filed July 20, 1993.

TX 91–01458: The appeal to the Tax Court was filed November 1, 1991. On March 15, 1993, the case was placed on the Inactive Calendar. The case settled March 18, 1993. All Mr. Tynan had to do to complete the case was to prepare a stipulation of judgment and judgment form, and submit proof that the taxes were paid. None of these things were done and the case was dismissed off the Inactive Calendar. The Motion to Reinstate was filed September 1, 1993.

TX 91–01587: The appeal to the Tax Court was filed November 7, 1991. A settlement was formalized in October of 1992. To close the case, Taxpayer's counsel needed simply to prepare a stipulation of judgment and judgment form, and provide proof that the taxes were paid. Several months after settlement, March 8, 1993, the case was placed on the Inactive Calendar. The case was dismissed on June 1, 1993. Proof of the timely payment of taxes, along with a stipulation of judgment and judgment form, were submitted to the Government on June 8, 1993.

The Taxpayers' plea for relief is the same in each case. Mr. Tynan attributes

his failure to complete the few tasks required of him to prevent dismissal to an illness. He asserts he was suffering from "Chronic Fatigue Syndrome" from February until May of 1993 [2] and that he suffered from "difficulty in staying awake, inability to concentrate, loss of energy, the necessity of sleeping during a substantial part of the day."

Mr. Tynan admits that not only did he calendar the actual dates set for dismissal, he also calendared reminder dates of the impending dismissals. He calendared the dates in his datebook and his computer. That didn't help, however, because, he asserts, his illness caused him to forget things and to be "unfocused" such that he could not recognize that he had certain tasks to perform in these cases.

Although Mr. Tynan indicated that his activities outside the office were greatly reduced during his illness, the facts presented to the Court show that he remained active in social and civic activities, including attending numerous meetings, sporting events, and various social gatherings. During a two and a half month period, mid-March through the latter part of May 1993, he remembers attending at least twenty-five social and civic activities. In addition, it appears that he was able to work sufficient hours a day to keep his other several hundred cases going.

## ANALYSIS

Uniform Rule V(e) of the Arizona Uniform Rules of Practice of the Superior Court requires:

(e) **Inactive Calendar.** The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof.... All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution .... unless prior to the expiration of such two months period:

(1) A proper Motion to Set and Certificate of Readiness is filed; or

(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.

Those who fail to comply with Uniform Rule V(e) do so at their peril. *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987). Mr. Tynan filed neither a Motion to Set and Certificate of Readiness nor a Motion for Continuance prior to dismissal of any of these cases.

Taxpayers' seek relief from the dismissal of their cases under Rule 60(c) of the Arizona Rules of Civil Procedure. Rule 60(c) provides in pertinent part:

On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment.

■ To set aside a Uniform Rule V(e) dismissal, the litigant must first establish one or more of the grounds set forth in Rule 60(c). *Jepson v. New*, 164 Ariz. 265, 270, 792 P.2d 728, 733 (1990). If this is done, the Court should also consider whether (1) the parties were vigorously pursuing the case, (2) steps were taken to inform the court of the case's status, and (3) substantial prejudice will inure to the moving party if the dismissal is not set aside. *Gorman, supra*, 152 Ariz. at 183, 731 P.2d at 78. "If all these factors are present, even doubtful cases should be resolved in favor of the party moving to set aside the dismissal." *Id.* at 184, 731 P.2d at 79. Taxpayers have failed to establish grounds entitling them to relief under either Rule 60(c)(1) or (6).

### 1. Relief Under Rule 60(c)(1)

■ Relief under subsection (1) of Rule 60(c) for "excusable neglect" or "inadver-

---

**2.** The medical records submitted by Mr. Tynan do not contain a diagnosis of "Chronic Fatigue Syndrome." The medical notes submitted indicate that Mr. Tynan complained of fatigue, needing more sleep at night than usual, and taking "occasional" naps.

tence" will be granted when the failure to act might be the act of a reasonably prudent person under the same circumstances. *Walker v. Kendig,* 107 Ariz. 510, 512, 489 P.2d 849, 851 (1971).

■ Taxpayers argue they are entitled to relief from the dismissals because counsel's failure to complete the relatively simple tasks needed to bring these cases to a close or to trial prior to dismissal was due to his illness. It is true that "a sudden illness usually presents exceptional circumstances under which a reasonably prudent attorney could be 'excused' from properly carrying out his practice" but "any lesser illness or disability must be evaluated in an ad hoc manner." *Ibid.* After a review of the evidence, it is clear that Mr. Tynan did not act as a reasonably prudent person would have under the circumstances.

Mr. Tynan's illness was not sudden. He testified that the illness was gradual and he was able to continue to function to a certain degree. In fact, he continued to function at a fairly high degree both socially and in his law practice.

Even though Mr. Tynan noted that he realized he was fatigued and unable to fully focus, he did not seek help to handle his caseload. He readily admitted he calendared, in two places, both the impending dismissal dates and reminder dates. Also, it is clear that only relatively simple tasks remained to be performed to prevent dismissal in each case. Mr. Tynan's assertion that he could not remain focused is simply not an excuse for his failure to complete those simple tasks in light of the record on all the extensive activities and cases upon which he was able to focus.

The Court finds that even with Mr. Tynan's illness, he did not act as a reasonably prudent person would have under the circumstances. A reasonable prudent person would have realized the importance of preventing the dismissals of these cases and placed prevention of the dismissal as a top priority. A reasonably prudent person would have found the time and energy to

complete the basic tasks necessary to prevent such dismissals; even if it meant foregoing some social or civic commitments. A reasonably prudent person would have used available strength and time to focus on looming dismissals. Mr. Tynan's failure to do so is more a function of his carelessness or poor prioritization than a function of his being ill.

The tasks which remained to be performed in each of these cases were simple and did not require a great deal of time or energy. Mr. Tynan has not demonstrated that his illness so debilitated him that his failure to act is excusable neglect or mere inadvertence sufficient to entitle Taxpayers to relief under Rule 60(c)(1).

**2. Relief Under Rule 60(c)(6)**

■ To obtain relief under subsection (6) of Rule 60(c) the Taxpayer must show "extraordinary circumstances of hardship or injustice" other than or in addition to those circumstances set forth in clauses (1) through (5) of Rule 60(c). *Gorman, supra,* 152 Ariz. at 182, 731 P.2d at 77. The parties requesting relief must "demonstrate active, vigorous prosecution of the case[s]; diligence is the hallmark." *Id.* at 183, 731 P.2d at 78.

There is ample evidence that Mr. Tynan was not diligent in the prosecution of these cases prior to February, when he alleges he began feeling fatigued. Three of the six cases had settled three to five months prior to the onset of the illness in February.[3] Mr. Tynan presented no reason why he failed to provide the required proof of timely payment of the 1991 taxes, the stipulations of judgment, and judgment forms long before these three cases were even placed on the Inactive Calendar. Mr. Tynan was dilatory in pursuing these cases even prior to the onset of his illness.

Two of the remaining cases were settled shortly after the onset of the illness and after the cases were placed on the Inactive Calendar.[4] Again, only simple tasks remained to be performed to close these two

---

3. TX 91–00654, TX 91–001587, and TX 91–00653.

4. TX 91–00656 and TX 91–01458. In fact, in one of these cases the Government had pro-

cases prior to dismissal. It was well over two months after settlement that these cases were dismissed.

As for the one case which did not settle prior to dismissal, TX 91–00694, Mr. Tynan offers only illness as an excuse for failure to file a Motion to Set and a Certificate of Readiness prior to dismissal. However, in deposition testimony given by Mr. Tynan, he asserted that he had prepared a witness and exhibit list which were ready to file but which he did not file prior to dismissal. The illness apparently did not hamper his ability to prepare the list; filing is merely a clerical function. Failing to timely file the form documents which would have prevented dismissal and what Mr. Tynan asserts was already prepared is clearly not the mark of diligent prosecution.

## CONCLUSION

In sum, the facts do not establish that Mr. Tynan, on behalf of Taxpayers, is enti-

tled to relief under Rule 60(c)(1) or (6). Mr. Tynan was neither diligent in pursuing the closing or trial of these matters nor was he acting as a reasonably prudent person when he allowed these cases to be dismissed off the Inactive Calendar.

**IT IS ORDERED** denying Taxpayers' Motions to Reinstate in each of these six cases.

This opinion is not a final, appealable judgment and no other order will follow. See *Denevir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).

posed a settlement in November of 1992. Taxpayer accepted the offer but did not return the settlement letter until March 1993.