NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MILTON W. OLEN, III, et al., *Plaintiffs/Appellants,*

*v.*

LOGAN DEAN COUCH, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0180

FILED 11-26-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-005458
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Lorber Greenfield & Olsen, LLP, Bellevue, WA
By Ofelia Gomez
*Co-Counsel for Plaintiffs/Appellants*

Lorber Greenfield & Olsen, LLP, Poway, CA
By Thomas Olsen
*Co-Counsel for Plaintiffs/Appellants*

Jones Skelton & Hochuli, PLC, Phoenix, AZ
By Michael W. Halvorson, Justin M. Ackerman
*Counsel for Defendant/Appellee Couch*

Snell & Wilmer, LLP, Phoenix, AZ
By Adam E. Lang, Craig A. Logsdon, Ashley Wiberg, Derek Flint
*Counsel for Defendants/Appellees Mahaffey and Fun and Sun Rentals*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

¶1 Milton W. Olen III and Angela Marie Olen (collectively, "the Olens") appeal from the superior court's January 2024 order denying their motion to vacate its dismissal order and to refile their complaint. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 In May 2020, Milton Olen rear-ended a truck and boat trailer driven by Logan Couch. Travis Mahaffey owned the boat and boat trailer and rented the boat to Couch through his company, Fun and Sun Rentals ("Fun & Sun"). Almost two years later, in April 2022, the Olens filed a complaint against Couch, his unnamed passenger, Mahaffey, and Fun & Sun, alleging negligence and loss of consortium. The Olens promptly served Mahaffey and Fun & Sun, who jointly filed their Answer in June. Couch was eventually served in late October 2022, through no fault of the Olens. Couch filed his Answer on November 4, 2022.

¶3 On November 26, 2022, the superior court issued a notice that the case would be placed on its November 30 dismissal calendar under Arizona Rule of Civil Procedure ("Rule") 38.1(d). The notice specified that the case would be dismissed without further notice unless certain action was taken, such as filing a joint report and proposed scheduling order, setting a comprehensive pretrial conference, entering final judgment, notice of decision, arbitration award, or dismissal, or if a motion to continue on the dismissal calendar was filed and granted by January 30, 2023.

¶4 The superior court's clerk emailed the notice of dismissal to the Olens' counsel, Matthew Gunby ("Former Counsel"). Former Counsel had updated his email address with the State Bar of Arizona after leaving his previous law firm in July 2019 and starting at his new firm in September 2019. But instead of updating his email address in the existing electronic court record, he created a new account that included his new contact information. As a result, the Rule 38.1(d) dismissal notice was sent to his

email address at his previous law firm and he did not receive it. On May 9, 2023 — six months after issuing its Rule 38.1(d) notice and three months after the dismissal date stated in the notice — the superior court ordered the case dismissed without prejudice because no action had been taken.

**¶5**        The next day, Former Counsel's previous law firm forwarded him the dismissal order. Nearly two months later, in July 2023, Former Counsel filed a motion to reinstate the dismissed case, arguing he did not receive the court's November Rule 38.1(d) notice. Later that month, Mahaffey and Fun & Sun responded to the Olens' motion to reinstate the dismissed case. They noted that the motion should have been filed as a Rule 60(b)(1) motion for relief from judgment, which required the Olens to prove excusable neglect. They argued the superior court should deny the motion because the Olens could not prove excusable neglect since they "took no action to prosecute their claims for almost an entire year," and "a mere cursory review of the court docket would have shown" the November Rule 38.1(d) notice.

**¶6**        The superior court denied the Olens' motion, noting that Former Counsel did "not explain why he did not check the status of his case in the six months between the placement of the case on the dismissal calendar and the ultimate dismissal of his case." The court also noted that Former Counsel provided no explanation for why he failed to comply with the Rule 16 deadlines in the nine months since the defendants filed their answers.

**¶7**        On August 14, 2023, the Olens' new attorney, Thomas Olsen ("Supervising Counsel"), who was Former Counsel's supervising attorney at the previous law firm, filed a motion to vacate the superior court's May 2023 dismissal order and reinstate the case (the "Motion"). He argued that excusable neglect and/or extraordinary circumstances justified vacating the dismissal order, and the Olens would suffer prejudice if their claims were dismissed. The Motion included information about the work Former Counsel did on the case from February to May 2023. The superior court ordered Couch, Mahaffey, and Fun & Sun (collectively, "the defendants") to respond to the Motion within 20 days. Mahaffey and Fun & Sun responded and argued the dismissal should not be vacated because the Olens were not excused from their counsel's actions.

**¶8**        The Olens replied to Mahaffey and Fun & Sun's response and argued that the court should reinstate the case against Couch because he failed to respond to the Motion. The Olens further argued that the superior court clerk failed to notify Former Counsel of the Rule 38.1(d) notice, so

whether Former Counsel checked the docket did not matter because the clerk was still required to notify him in writing. In early November 2023, Couch filed a notice he was joining Mahaffey and Fun & Sun's response to the Motion.

**¶9** The court noted that based on its research, the November Rule 38.1(d) notice was emailed to Former Counsel, who had not changed his contact information with the court; Former Counsel had only created a new electronic court record account identifying his new law firm. The court stated that even the best law firms in Arizona have clerical errors happen and typically file a "mea culpa" document with the court to accept blame and explain why the clerical error occurred. But here, Former and Supervising Counsel's motions to reinstate blamed the court for the error and ignored Rule 5.3(b), which requires attorneys of record to keep apprised of case deadlines. The court stated that their actions were "completely unacceptable."

**¶10** After hearing oral argument on the Motion, the superior court found that the Olens failed to establish excusable neglect and good cause to support relief and denied the Motion. The court stated that Former Counsel's own error in creating multiple electronic court record accounts resulted in his failure to receive the Rule 38.1(d) notice placing the case on the dismissal calendar. The court further found that even if the clerk's office failed to issue the notice, counsel still had an affirmative duty to monitor the docket pursuant to Rule 5.3(b).

**¶11** The Olens timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1), (3).

## DISCUSSION

**¶12** The Olens raise three issues on appeal: (1) whether their case should have been dismissed for lack of prosecution, (2) whether the superior court erred in denying the motion to vacate, and (3) whether the superior court erred in denying them relief under Section 12-504.

**¶13** We review a judge's ruling denying a motion to vacate an order of dismissal for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985);[1] *see also Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89 (App. 1993) (stating that we reverse a superior court's order denying relief under Rule 60 for an abuse of

---

[1] *City of Phoenix v. Geyler* discusses Rule 60(c), but Rule 60(c) is now modified as Rule 60(b). *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 9 (2018).

discretion); *Gorman v. City of Phoenix*, 152 Ariz. 179, 182 (1987) (discussing Rule 60(b)).

**I.     The superior court did not abuse its discretion by denying the Olens' motion to vacate the dismissal.**

**A.     The Olens are not entitled to relief under Arizona Rule of Civil Procedure 60(b)(1).**

**¶14**     The Olens argue they are entitled to relief under Rule 60(b)(1) based on excusable neglect because the case was diligently prosecuted. The defendants respond that the Olens have not made the requisite showing of excusable neglect and failed to diligently prosecute the case; therefore, they are not entitled to relief.

**¶15**     Rule 60(b)(1) provides that a party or a party's legal representative may be relieved from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." *Porter v. Spader*, 225 Ariz. 424, 428, ¶ 13 (App. 2010); Ariz. R. Civ. P. 60(b)(1). Neglect is excusable when "it is such as might be the act of a reasonably prudent person in the same circumstances," *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993), but carelessness does not equate with excusable neglect. *Id.* Under Rule 5.3(b), "[e]ach attorney of record is responsible for keeping advised of the status of, and the deadlines in, pending actions in which that attorney has appeared." Ariz. R. Civ. P. 5.3(b).

**¶16**     In denying the Motion, the superior court reasoned that the Olens, through their counsel:

   [F]ailed to monitor the status of his case and was not diligent in prosecuting the case. Counsel's failure to receive a copy of the *Notice of Placement on the Dismissal Calendar* appears to have been due to counsel's own error in creating multiple [Electronic Record Accounts]. But more importantly, even if the fault for counsel's failure to receive the *Notice* could be imputed to the Clerk's office, that fact does not negate counsel's affirmative duty to monitor the docket pursuant to Rule 5.3(b). Indeed, this is precisely the reason that the Rules of Civil Procedure impose such a duty on counsel of record – because sometimes filings and orders do not make it to the intended recipient.

**¶17**     The Olens argue that Supervising Counsel's neglect in supervising Former Counsel is excusable because his failure was that of a reasonable person. But this argument does not address why both

Supervising Counsel and Former Counsel failed to check the case docket for six months, given their obligation to do so under Rule 5.3(b). Former Counsel claimed he properly registered with the superior court to receive notifications with the correct contact information but provides no explanation as to why he failed to monitor the court docket.

**¶18** A party's diligence is the "final arbiter of whether mistake or neglect is excusable." *Aloia v. Gore*, 252 Ariz. 548, 552, ¶ 15 (App. 2022) (citation omitted). "A party's mere neglect, inadvertence, or forgetfulness without a reasonable excuse [] does not warrant relief." *Id.* Failure to diligently monitor the court docket doesn't justify Rule 60(b)(1) relief. *Aloia*, 252 Ariz. at 552-53, ¶ 19. An attorney's neglect is imputed to the client, *Balmer v. Gagnon*, 19 Ariz. App. 55, 57 (1973), and a client is responsible for the actions and omissions of his attorney, *Mission Ins. Co. v. Cash*, *Sullivan & Cross*, 170 Ariz. 105, 108 (App. 1991).

**¶19** The Olens contend that Former Counsel diligently prosecuted this case by drafting discovery, engaging in settlement negotiations, and conducting other activities in pursuit of the Olens' claims. At oral argument, the Olens suggested that Former Counsel may have failed to check the docket because the parties engaged in settlement discussions after the court sent the Rule 38.1(d) notice. The court disagreed and clarified that settlement discussions are between parties, not the court, and do not constitute "prosecuting the case." The court noted in its ruling that communicating with opposing counsel does not excuse a failure to comply with court deadlines. We agree.

**¶20** If Counsel was conducting discovery and engaging in settlement negotiations, he could have informed the court by filing a motion to continue. And, as the superior court noted, the Olens did not cite any authority supporting their contention that parties can disregard court-ordered deadlines when they engage in settlement negotiations that the court is unaware of. *Hyman v. Arden-Mayfair, Inc.*, 150 Ariz. 444, 449 (App. 1986) ("Parties to litigation . . . have a responsibility to the court and their counsel to assist in permitting their litigation to proceed in timely fashion, and [are] held responsible for doing so.").

**¶21** Further, as the superior court noted, Former Counsel had an affirmative duty to monitor the docket, which he did not do for at least six months. Former Counsel did not exercise reasonable due diligence in prosecuting the case. *See Copeland*, 176 Ariz. at 91. We therefore cannot say the court abused its discretion in finding that the Olens failed to establish excusable neglect or good cause to support relief under Rule 60(b)(1). *See*

*Resolution Trust Corp. v. Maricopa Cnty.*, 176 Ariz. 631, 635 (Ariz. Tax Ct. 1993) (explaining that attorney's failure to complete basic tasks to prevent case dismissal was not reasonable under the circumstances, and thus not excusable).

### B. The Olens are not entitled to relief under Arizona Rule of Civil Procedure 60(b)(6).

**¶22** The Olens alternatively argue that they are entitled to relief under Rule 60(b)(6) because they will suffer substantial prejudice without such relief. The defendants respond that the Olens failed to demonstrate either the extraordinary circumstances justifying relief under Rule 60(b)(6) or the existence of a meritorious claim.

**¶23** Rule 60(b)(6) provides relief for "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(6). The party requesting relief must show extraordinary circumstances of hardship or injustice, *Jepson v. New*, 164 Ariz. 265, 273 (1990), and also diligent, active, and vigorous prosecution of the case. *Resolution Trust Corp.*, 176 Ariz. at 635-36.

**¶24** Such circumstances were not shown here. Although the Olens will experience hardship and injustice as a result of their counsel's inaction, as discussed in Section I.A. above, their counsel cannot demonstrate diligent prosecution of the case. *See Jepson*, 164 Ariz. at 273. Failing to check the court docket, especially considering current technological resources, is "not the mark of diligent prosecution." *Resolution Trust Corp.*, 176 Ariz. at 635-36; *see Chung v. Choulet*, 248 Ariz. 236, 240, ¶¶ 13-15 (App. 2020). The Olens are thus not entitled to Rule 60(b)(6) relief.

## II. The Olens are not entitled to relief under Section 12-504.

**¶25** The Olens alternatively argue that the court erred by not granting them relief pursuant to Section 12-504, also known as the "Savings Statute." We will not disturb the superior court's determination on whether to grant relief under the Savings Statute if it is supported by any reasonable evidence. *Schwartz v. Ariz. Primary Care Physicians*, 192 Ariz. 290, 295, ¶ 19 (App. 1998).

**¶26** A complaint may be filed under Section 12-504(A) after a showing that the plaintiffs: (1) acted reasonably and in good faith; (2) diligently prosecuted the case; (3) face a procedural impediment affecting the ability to refile; and (4) will be substantially prejudiced. *Jepson*, 164 Ariz. at 272; *see Copeland*, 176 Ariz. at 91-92; *see* A.R.S. § 12-504(A). But "[w]here

an action is terminated for lack of prosecution, relief under the savings statute should only be granted where the plaintiff demonstrates that despite diligent pursuit of the case, it was dismissed." *Jepson*, 164 Ariz. at 274. A party must still demonstrate "diligent efforts under the circumstances" to warrant relief under the Savings Statute. *Id.*

¶27 The Olens argue that they acted in good faith throughout the proceedings, and because a procedural impediment affects their ability to refile their complaint—namely, that the statute of limitations expired—dismissal would result in substantial prejudice. Even assuming the Olens have met their burden of showing these factors, they have not met their burden of showing that they, through their counsel, diligently prosecuted the case. As previously discussed, Former Counsel did not check the docket for the six months between when the November Rule 38.1(d) notice and the May dismissal order were filed. He did not comply with Rules 5.3(b) and 16. And he waited two months to file the Motion after receiving notice of the dismissal from his former law firm. As a result, because reasonable evidence supports the superior court's determination that they are not entitled to relief under Section 12-504, we cannot say the superior court erred in denying the Olens' motion to reinstate the case.

¶28 The Olens also ask this court to review whether the superior court "abused its discretion in not providing a ruling" on their Motion. The superior court, however, expressly ruled and denied their Motion in the second to last paragraph of its order. We find no abuse of discretion.

¶29 Mahaffey, Fun & Sun, and Couch request their attorneys' fees and costs on appeal. We decline to award attorneys' fees. But as the prevailing parties, Mahaffey, Fun & Sun, and Couch are entitled to their taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶30 For the foregoing reasons, we affirm.

